# Commonwealth of Pennsylvania, Appellant, *v.* George Hinsdale.

*Practice of Q. S.—Petition to refund money—Service—Jurisdiction.*

On a petition to return money alleged to be paid to police officers in the nature of bail, it appeared that the defendant was indicted on the charge of bribing a member of the Pennsylvania state police, by paying him $2,000 to liberate eight prisoners then in his custody, arrested for alleged unlawful possession and transportation of intoxicating liquor. In the trial of the charge of bribery the petitioner was acquitted. Subsequently he instituted proceedings for the return of the money paid to the policeman, averring that it was paid as security for the appearance of several drivers arrested on the charge of transporting liquor. A rule was granted on the policeman and the district attorney to show cause why they should not refund the money to the petitioner on the ground that the prosecution for bribery terminated in a verdict of not guilty. Neither the petition nor the rule was served on the policeman, nor did he appear or answer. An answer was filed on behalf of the district attorney, denying that they, or any of them, had ever had possession of the money.

The court made absolute the rule and directed that "the Commonwealth or the officers thereof in whose possession the two thousand ($2,000) dollars is held, return the same," etc.

*Held,* that the order must be reversed. Neither "the Commonwealth nor the officers thereof in whose possession the money was held" having been served, it falls for want of jurisdiction of the parties ordered to pay. The rule allowed on the policeman was defective for the same reason because he had no notice of the proceeding, and did not appear.

Unless the power to admit to bail in criminal proceedings is inherent in the judicial office, or is expressly authorized by statute it does not exist. If the petitioner paid the money for the purpose stated in the petition he attempted to make a contract with a lieutenant of police, which was not only beyond the power of the policeman to make, but is against public policy.

A parol recognizance is not valid in the absence of a statute authorizing it.

Argued December 8, 1924. Appeal, No. 204, Oct. T., 1924, by plaintiff, from order and decree of Q. S. Phila.

Co., May Sessions, 1923, No. 403, ordering the return of $2,000, in the case of Commonwealth of Pennsylvania v. George Hinsdale. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Rule to show cause why certain moneys paid to state policemen should not be returned. Before BARTLETT, J.

The facts are stated in the opinion of the Superior Court.

The petition, rule and answer and decree were as follows:

The petition of George Hinsdale respectfully represents:

1. That he is the defendant in the above entitled case and is a resident of the City and County of Philadelphia.

2. That your petitioner was indicted as of the above term and number on the charge of bribery of Thomas J. O'Boyle, lieutenant of the state police.

3. That the specific act with which your deponent was charged was the payment of $2,000 to the said Thomas J. O'Boyle, lieutenant of the state police, on the 7th day of April, 1923.

4. Your deponent herein avers that he did on the 7th day of April, 1923, give the said Thomas J. O'Boyle the said sum of $2,000 as and for the security for the appearance of several drivers arrested on the charge of transporting liquor.

5. Your deponent herein avers that on the 21st and 22d days of January, 1924, the indictment found against your deponent arising out of the facts set out above came on to be tried before a judge and jury.

6. Your deponent herein avers that the issue between the Commonwealth of Pennsylvania and your said deponent was fully heard and tried and a verdict of not guilty entered in the said cause.

7. Your deponent herein avers that the case against your said deponent has been terminated and ended.

8. Your deponent herein avers that the sum of $2,000, so delivered by your said deponent to the said Thomas J. O'Boyle as aforesaid was retained by the said Thomas J. O'Boyle, does without cause or reason still retain the said sum of $2,000, given by your said petitioner, as aforesaid.

Wherefore your deponent prays the honorable court that an order be entered directing the said Thomas J. O'Boyle as aforesaid, and the district attorney of Philadelphia County and his assistants and agents in his behalf to refund and deliver to your said deponent the sum of $2,000, so delivered by your said deponent to the said Thomas J. O'Boyle as security as aforesaid.

And now, to wit, May 7, 1924, upon consideration of the foregoing petition and on motion of Connelly and Boylan, Esqs., and David S. Malis, Esq., counsel for the petitioner a rule is granted on Thomas J. O'Boyle, lieutenant of the state police, and the district attorneys in that behalf, to show cause why they and each of them should not turn over and deliver unto George Hinsdale, the petitioner aforementioned, the sum of $2,000, which said sum of money was kept by the said Thomas J. O'Boyle, in his possession, as and for evidence in the case against George Hinsdale, as of the above term and number, which said proceedings have terminated and ended by the verdict of not guilty entered therein.

Rule returnable the 16th day of May, A. D. 1924, 10 a. m.

By the court, Bartlett, J.

John H. Maurer, assistant district attorney for Philadelphia County, in answer to the petition of George Hinsdale for return of money, comes and says:

1. Admitted.

2. Admitted.

3. Admitted.

4. Your deponent conducted the trial of the above case for the prosecution at which the said petitioner testified that the money was given to Lieutenant Thomas

238, (1925).]　　　Statement of Facts.

O'Boyle as security to insure the return to the said officer of certain truck drivers, who were under arrest and were to be permitted to get breakfast; Lieutenant Thomas J. O'Boyle, the prosecuting witness, testified that the money was handled and given as a bribe by the petitioner to allow certain truck drivers to escape arrest and to allow certain intoxicating liquor, alleged as being illegally transported, to be taken away and from the custody of the law; your deponent further avers that neither the truck drivers nor the confiscated liquor were released at the time of the arrest and seizure, nor were they permitted to go off to get breakfast.

5. Admitted.

6. Admitted.

7. Admitted.

8. Your deponent further avers that he has no knowledge as to whether Lieutenant Thomas J. O'Boyle still has the money in his possession, and also avers that neither the district attorney nor any assistant district attorney connected with the case or otherwise ever had possession of the said money, and that your respondent only saw it at the trial when it was produced by Lieutenant Thomas J. O'Boyle and afterwards taken away by the court.

It, therefore, your respondent and the district attorney of the County of Philadelphia, submit themselves to the order of your court in the premises.

John H. Maurer, Assistant District Attorney, Philadelphia County.

And now, to wit, May 16, 1924, upon consideration of the petition filed herein and of the answer thereto, and on motion of David S. Malis, Esq., John P. Connelly, Esq., and James F. Boylan, Esq., counsel for the petitioner. [It is ordered and decreed that the petition of the petitioner, George Hinsdale, is granted and the rule allowed on Thomas J. O'Boyle, lieutenant of state police is made absolute, and it is hereby ordered that the Commonwealth or the officers thereof in whose possession the

two thousand ($2,000) dollars is held, return the same to the said George Hinsdale.

By the court, BARTLETT, J.]

Commonwealth appealed.

*Error assigned* was the decree of the court.

*A. E. Hurshman,* and with him *John H. Maurer,* As-sistant District Attorney, Philadelphia County, *Louis E. Graham,* Special Deputy Attorney General, and *George W. Woodruff,* Attorney General, for appellants.

*David S. Malis,* and with him *Connelly & Boylan,* for appellee.

OPINION BY LINN, J., February 27, 1925:

The order entered in this anomalous proceeding was doubtless made through some inadvertence; it cannot be sustained. At May term, 1923, in the Quarter Sessions of Philadelphia County, Hinsdale, the appellee, was indicted on a charge of bribing a member of the Pennsylvania state police, by paying him $2,000 to liberate eight prisoners then in his custody, arrested for alleged unlawful possession and transportation of intoxicating liquor; at January term, 1924, Hinsdale was tried on the charge of bribery based on that payment and was acquitted. In May, 1924, he instituted the proceeding which culminated in the order which the Commonwealth has now brought here for review. It was begun by his petition filed in, and intended to be made part of the record of the prosecution for bribery. The petition will be found in the reporter's statement of the case.

He desires to recover back the money paid to the policeman, and avers that it was paid "as and for the security for the appearance of several drivers arrested on a charge of transporting liquor." He prayed for an order directing the policeman and the district attorney of

Philadelphia County and his assistants and agents, to refund the money. A rule on O'Boyle, the policeman, and the district attorney was granted, to show cause why they, and each of them, should not refund the money to petitioner, on the ground that the prosecution for bribery had terminated in a verdict of not guilty. A copy of the rule will also be found in the reporter's statement. Neither the petition nor the rule was served on O'Boyle, nor did he appear or answer. An answer was filed on behalf of the district attorney and his assistants, denying that they or any of them, had ever had possession of the money. No evidence was taken in support of either petition or answer, but the following order was made thereon: "It is ordered and decreed that the petition of the petitioner, George Hinsdale, is granted and the rule allowed on Thomas J. O'Boyle, Lieutenant of State Police, is made absolute, and it is hereby ordered that the Commonwealth or the officers thereof in whose possession the two thousand ($2,000) dollars is held, return the same to the said George Hinsdale."

The order must be reversed for any of a number of reasons, to some of which we shall refer. It will be observed that the order is against the "Commonwealth or the officers thereof in whose possession the two thousand ($2,000) dollars is held." Neither was made respondent or was brought in, so that, passing the fatally indefinite character of the order, it falls for want of jurisdiction of the parties ordered to pay. The portion of the order making absolute "the rule allowed on Thomas J. O'Boyle, Lieutenant of State Police," is bad for the same reason; O'Boyle had no notice of the proceeding and did not appear, and is not within the category of the "Commonwealth or the officers thereof."

Appellee's brief contends that as the court may order restitution of stolen goods or embezzled money, the court has power to order the repayment of $2,000, because in the bribery trial O'Boyle testified that he had

received that sum from Hinsdale. While the fact that he so testified is not before us, the power of the court to order restitution in cases of stolen goods or misappropriated money, depends on statute (Act of March 31, 1860, section 179, P. L. 382, 425; Huntzinger v. Com., 97 Pa. 336) and does not reach petitioner's case whether we accept O'Boyle's version of the transaction as bribery, or Hinsdale's averment that he put up the money as security.

Taking Hinsdale's version of the transaction (and he cannot complain if we take him at his word) that he made the payment "for the security for the appearance of several drivers arrested on a charge of transporting liquor," he encounters other obstacles. Unless the power to admit to bail in criminal proceedings is inherent in the judicial office, or is expressly authorized by statute it does not exist: Keller v. Com., 2 Mona. 757; 6 C. J., p. 971, etc., 979, 982, etc.; 3 R. C. L. pp. 22, etc. If he paid the money for the purpose stated in the petition, or as he contends in his brief, as "cash bail for the release of a prisoner," the petitioner attempted to make a contract with a lieutenant of police, which is not only beyond the power of the policeman to make, but is against public policy as well: Keller v. Com., supra; Koons v. Seward, 8 W. 388, 389. At the time of the arrest of the alleged transporters of intoxicating liquor, the duties of the state police were specified in the Act of June 3, 1919, P. L. 366, section 10; and while they then had, and still have, the powers of policemen of cities of the first class, (Act of June 7, 1923, P. L. 498, 545) this lieutenant was unauthorized to make the contract alleged; moreover, the contract seems to have been in parol, and a parol recognizance is not valid in the absence of a statute authorizing it: 6 C. J., p. 901; and it nowhere appears that petitioner caused the appearance of the parties for whom he contends he had become surety.

The judgment is reversed.