## Commonwealth *v.* Magid and Dickstein, Appellant.

*Criminal procedure—Proceedings returned to term of Court in Session—Indictment—Motion to quash—Motion for continuance—Discretion of court.*

A committing magistrate may bind over a defendant, and make return of the proceedings, to a term of court then pending. Such action is not ground for quashing the indictment.

In the absence of a clear abuse of discretion a refusal to continue is not ground for reversal.

*Criminal law—Sale and distribution of indecent pictures—Evidence*

514  COM. *v.* MAGID AND DICKSTEIN, Appellant.

Syllabus—Assignment of Errors.  [91 Pa. Superior Ct.

*—Charge of court—Case for jury—Acts of May 12, 1897 P. L. 63 and May 6, 1887, P. L. 84.*

The Act of May 12, 1897 P. L. 63 and its kindred statute of May 6, 1887, P. L. 84, contain inherent evidence of their purpose to shield minors and young children from obscene and indecent books and pictures, and in the trial of an indictment for the violation of the former act it is not error for the trial Court in its charge to refer to the object of the statute.

In the trial of an indictment charging defendants with the violation of the Act of 1897, the case is for the jury, and a verdict of guilty will be sustained where there is evidence to connect the defendants with the possession and sale of the pictures.

Argued October 20, 1927. Appeals Nos. 184 and 185, October T., 1927, by defendants from judgment of Q. S. Philadelphia County, February T., 1927, No. 675, in the case of Commonwealth of Pennsylvania v. David Magid and Isadore Dickstein. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for violation of the Act of May 12, 1897, P. L. 63, forbidding the sale and distribution of indecent pictures, etc. Before TAULANE, J.

The facts are stated in the opinion of the Superior Court.

Verdicts of guilty upon which judgments of sentence were passed. Defendants appealed.

*Errors assigned,* among others, was the refusal to quash the indictment, the overruling of defendant's motion for continuance, and the charge of the Court.

*Edward A. Kelly,* and with him *M. B. Elwert,* for appellants.

*John A. Boyle,* Assistant District Attorney, and with him *Charles Edwin Fox,* District Attorney, for appellee.

OPINION BY KELLER, J., November 21, 1927:

Appellants were charged with violating the act of May 12, 1897, P. L. 63, forbidding the sale and distribution of indecent pictures, etc. The indictment contained four counts. By direction of the court they were acquitted of manufacturing and publishing obscene pictures; but were convicted of possessing them with intent to sell and of selling them. They assign ten specifications of error in support of their appeals.

(1) Appellants were arrested on February 11, 1927; a hearing was had the same day and continued until February 19, 1927, when Magid was released on bail, conditioned for his appearance at the pending Court of Quarter Sessions (February Term, 1927), and Dickstein was committed for want of bail. An indictment was found against both of them on February 21, 1927. Thereupon they promptly moved to quash the indictment on the ground that the proceedings were returned to the term of court then in session instead of the following, or March, term. The lower court overruled the motion. The appellants have referred us to no statute which declares this to be illegal. The Acts of Assembly on which they rely have for their object the securing to the accused of a speedy trial, not its postponement. They provide that the return cannot be deferred beyond the next term of court; not that it cannot be made to a court then in session. In counties where there are only four terms of Quarter Sessions Court in a year, it might be a great hardship, amounting, in effect, to a denial of justice, to refuse to indict and try a prisoner unable to secure bail for three months, or until the next term of court, if the court was actually in session when the accused was committed. The practice here complained of was recognized as valid in Hale's Pleas of the Crown, if the session of the grand jury was duly adjourned from day to day, (Vol. 2, p. 156); and was not questioned in this state as far

back as 1844, when criminal procedure was more technical than it is now, (See Com. ex rel. Jack v. The Sheriff, 7 W. & S. 108, where it was stated that the relator gave bail for his appearance at the "present Court of Quarter Sessions," the sessions of which had commenced some time before). In Clark v. Com., 123 Pa. 555-7, a murder case, the defendants were committed on Monday, January 2, 1888, and indicted on Friday of the same week (January 6th), and though counsel raised numerous objections, many of them technical, no error was assigned to the right to indict at the pending term. The same practice exists in Massachusetts, where it was said by the Supreme Judicial Court of that state: "An indictment may be returned for an offense committed at any time previous to the finding of the bill, although such offense is committed after the commencement of the term of court at which such bill is returned": Com. v. Gee, 6 Cushing 174. There is nothing in section 4 of the Act of May 22, 1722, 1 Sm. L. 131 (which, by the way, was expressly repealed by the Act of May 31, 1860, P. L. 427, p. 451), nor in the Act of May 8, 1854, P. L. 678, which makes such a course unlawful. Furthermore, as to Magid, the entry of bail was a waiver of the error, if any: Com. v. Dingman, 26 Pa. Superior Ct. 615; Com. v. Hans, 68 Pa. Superior Ct. 275; Com. v. Mazarella, 86 Pa. Superior Ct. 382; Com. v. Brennan, 193 Pa. 567.

The appellants' contention that the action complained of deprived them of their right to challenge the array of the grand jury is without merit. They do not aver that any ground existed for such challenge, but only that if such ground had existed, they could not have availed themselves of it. This is no reason at all for setting aside a conviction. But it is untenable for the reason that if grounds for such challenge had existed, they would have been considered on motion to

quash if made at the first opportunity after indict-
ment: Com. v.- Smith, 4 Pa. Superior Ct. 1, 13 (RICE,
P. J.); Brown v. Com., 73 Pa. 321; Dyott v. Com., 5
Wharton 67; U. S. v. Gale, 109 U. S. 65; .Carter v.
Texas, 177 U. S. 442. The first assignment of error is
overruled.

(2) We find no abuse of discretion in the court
below in refusing a continuance. Counsel for the de-
fendants had ample time to prepare for trial. The
charge was not one dealing with a complicated state
of facts, and a vigorous defense was actually pre-
sented. In the absence of a clear abuse of discretion
a refusal to continue is not ground for reversal: Com.
v. Buccieri, 153 Pa. 535, 545; Com. v. Scouton, 20 Pa.
Superior Ct. 503, 517. The second assignment of error
is overruled.

(3) We discover no error in those portions of the
judge's charge which adverted to the fact that the ob-
ject of the statute on which the prosecution was based
was to protect the morals of the community, and par-
ticularly the youth of the community.. The Act of 1897
and its kindred statute of May 6, 1887, P. L. 84, con-
tain inherent evidence of their purpose to shield minors
and young children from obscene and indecent books
and pictures, and the trial judge committed no error
in his reference to it. The fourth and fifth assignments
are overruled.

(4) The remaining assignments of error need not be
discussed in detail. We have considered them all and
find them without merit. We agree with the court be-
low that there was evidence to connect Magid with the
possession and sale of the pictures in question and we
will not disturb the finding of the jury based on that
evidence. We do not think the charge of the court was
unfair or unduly prejudicial to the defendants, or that
it did not fairly and adequately present the issues
raised by the evidence. No opinion was expressed as

to the guilt of the defendants, and the jury were properly instructed as to the caution with which the testimony of accomplices was to be considered. The remarks of the court in discussing the inferences which might be drawn from the evidence were not improper or unjustified: Com. v. Johnson, 89 Pa. Superior Ct. 439, 447. The language of the charge in reference to defendants' character evidence was in strict conformity with the rulings of the Supreme Court. That the court supplemented this instruction by distinguishing between character and reputation was not ground for reversal: Com. v. Webb, 252 Pa. 187, 195.

The assignments of error are all overruled. The judgments are affirmed; and it is ordered that the defendants severally appear in the court below at such time as they may be there called and that they be by that court committed until they have complied with their respective sentences or any part thereof which had not been performed at the time the several orders of supersedeas were entered.