## Commonwealth v. Harris et al.

*C. A. Snyder,* District Attorney, for Commonwealth.

*C. E. Berger, M. A. Killer* and *C. M. Palmer,* for defendants.

KOCH, P. J., Nov. 11, 1929.—The information in this case was laid before a committing magistrate on April 27, 1928, and his return is marked filed by the clerk of this court as of the 3rd day of May, 1928. But the bill of indictment was not found until March 8, 1929, so the defendants filed a motion to quash the bill on Sept. 14, 1929. The recognizance shows that the defendants waived a hearing before the committing magistrate and were held to bail for their appearance at the May Sessions of 1928. The grounds of the motion to quash may be briefly stated as follows:

(1) The bill was not found at the term to which the case was returned; (2) the bill was found at a later term without prior notice to the defendants that the bill would then be submitted to the grand jury; (3) the bill was found without the hearing of witnesses in support of it; (4) the names of no witnesses are endorsed on the bill; (5) the indictment is fatally defective, in that it does not aver that the person alleged to have been libeled is the person referred to and described in the alleged libelous article and no extrinsic facts are averred in said indictment to connect said person with the alleged libelous article by way of inducement and colloquium; (6) the indictment is fatally defective, in that the article set forth therein is not libelous or defamatory *per se,* and it does not aver by way of innuendo, or otherwise, that said article has any libelous or defamatory meaning, or what the libelous or defamatory meaning of the article is; and (7) the indictment does not charge any indictable offense.

The Commonwealth insists that its subpœna, which was issued in this case for the March Sessions of 1929, shows that the defendants did have notice that the bill of indictment would be submitted to the grand jury at that term of court. An inspection of the subpœna shows that it was dated Feb. 20, 1929, and was served on Charles A. Snyder, whose name is endorsed as the prosecutor in the case. No other witnesses are named in the subpœna. But on the face of the subpœna we find stamped the words "Notify defendant." However, there is nothing to show what that notice to the defendants was to be. Nor is there anything else to show that the defendants were notified that a bill would be presented against them at said March Sessions of the court in 1929. There is nothing on the record to show that the defendants had been notified of anything concerning the case. The calendar shows that March 2nd was on a Saturday, and we take judicial notice of the fact that the grand jury began its hearings on the following Monday, to wit, March 4th. Therefore, the notice can hardly be called a reasonable notice in point of time.

If a bill of indictment be not found at the term to which a criminal case is returnable, the defendant is entitled to prior reasonable notice of the time when the bill of indictment will be submitted at a subsequent term of court.

That a defendant is entitled to reasonable notice prior to the submission of a bill against him at a term subsequent to the one to which the case has been

returned is settled by numerous authorities, of which we will cite a few, to wit: Com. *v.* Hacker, 40 Pa. C. C. Reps. 98; Com. *v.* Rice, 15 Dist. R. 604; Com. *v.* Brown, 12 Dist. R. 316; Com. *v.* Haefner, 21 Dist. R. 866; Com. *v.* Holt, 21 Dist. R. 714; Com. *v.* Wilhelm, 23 Lanc. Law Rev. 402. In the case of Com. *v.* Haefner, 21 Dist. R. 866, the defendant contended that, as the record showed no notice to him or consent on his part, the indictment should be quashed; and the Court of Quarter Sessions of Lancaster County held that the point was well taken, and quashed the indictment.

As the indictment must be quashed, under the above authorities, no discussion of the other reasons in support of the motion to quash is necessary.

From M. M. Burke, Shenandoah, Pa.