## Commonwealth v. Nayduch et al.

*Thomas M. Lewis*, district attorney, for Commonwealth.

*Paul H. Maxey*, for defendants.

JONES, J., June 4, 1934.—On April 10, 1934, a warrant issued charging defendants with the crime of conspiracy, and on April 25th, John Nayduch, one of the defendants, was given a hearing and the same day gave bail for his appearance at the next term of the court of quarter sessions. Michael Yurkovski could not be found. The transcript was filed in the court of quarter sessions the same day, and on the following day, by order of the court, the district attorney was permitted to present the bill of indictment as against Michael Yurkovski without a preliminary arrest, hearing, and binding over, and both defendants were indicted.

On May 2d, Yurkovski appeared in court and entered into a recognizance for his appearance at the next court of quarter sessions.

This is a motion to quash the indictment, upon the allegation that defendants were deprived of their right to challenge the array under the Act of April 16, 1925, P. L. 244, and that Michael Yurkovski was not a fugitive, being a resident of Bloomsburg, Columbia County.

The indictment charges both defendants with a conspiracy on May 16, 1932, and it is conceded that if the indictment is quashed the statute of limitations will have expired and defendants will be relieved from further prosecution.

To the motion to quash, the Commonwealth filed an answer detailing its effort to arrest Yurkovski and failure by reason of not being able to find him, and alleging that private counsel for prosecutor had served written notice upon Nayduch and counsel that the transcript would be presented to the grand jury then sitting on Thursday, April 26, 1934, and proof thereof among the files, and, no depositions having been taken denying such notice, we must assume that defendant had reasonable notice to challenge the array or an individual juror, if he so desired: Commonwealth v. Solomon, 24 Luz. L. R. 287.

There is no claim of any illegality in summoning the jury or any reason assigned for challenging the array or a particular juror and no claim or allegation that defendant was prejudiced in any respect in submitting the case to the grand jury.

In Commonwealth v. Anderson, 19 Del. Co. 265, 268, upon a motion to quash on the ground that defendant was deprived of an opportunity to challenge the array of the grand jury, it was held: "The defendants contend that the action complained of deprived them of their right to challenge the array of the grand jury is without merit. They do not aver that any ground existed for such challenge but only that if such ground had existed, they could not have availed themselves of it. This is no reason at all for quashing the indictment."

In Commonwealth v. Dingman, 26 Pa. Superior Ct. 615, it was held that a prisoner may raise any questions touching the legality of his arrest upon a proceeding to be discharged from custody, but, having given bail to answer the charge, he cannot after indictment found raise such questions by a motion to quash; and in a later case, Commonwealth v. Murawski, 101 Pa. Superior Ct. 430, 431, it was said: "It is well settled that where, as in the present case, a defendant has had a preliminary hearing, has given bail for court, and has been regularly indicted by a grand jury upon examination of witnesses, it is then too late to question the sufficiency or regularity of proceedings prior to the indictment. In case defendant feels himself to be aggrieved in such circumstances, his proper remedy is by proceedings to be discharged from custody upon the ground of illegal commitment, and not by motion to quash the indictment".

Yurkovski, having given bail to answer the charge against him, is deemed to have waived his right to raise the question of the legality of his arrest.

The district attorney, with leave of the court, was permitted to present the bill before the grand jury without a preliminary arrest, hearing, and binding over, upon the claim that Yurkovski was a fugitive from juctice and could not be found after diligent search within the jurisdiction of the court.

In the case of some pressing and adequate necessity, the district attorney has presented indictments before the grand jury without a preliminary hearing or sanction of the court, but in this case the district attorney submitted this bill with the approval of the court, and such practice has been accepted and reiterated in the decisions of the appellate courts and reversed by them only when the abuse of the discretion of the officer of the court has been both manifest and flagrant: Commonwealth v. Ramsey, 42 Pa. Superior Ct. 25.

In Commonwealth v. Magid et al., 91 Pa. Superior Ct. 513, defendants were arrested and final hearing was had on February 19th, when Magid was released on bail, conditioned for his appearance at the pending court of quarter sessions, and Dickstein was committed for want of bail. An indictment was found against both on February 21st. Thereupon, they promptly moved to quash the indictment on the ground that the proceedings were returned to the term of court then in session instead of the following or March term. The lower court overruled the motion, and the appellate court said: "The appellants have referred us to no statute which declares this to be illegal. . . . Furthermore, as to Magid, the entry of bail was a waiver of the error, if any".

For the reasons herein stated, the motion to quash is denied.