## Commonwealth v. Nelson

*Philip E. Hamilton,* for Commonwealth.

*Norman J. Faulk* and *Thompson Bradshaw,* for defendant.

BRAHAM, P. J., June 7, 1946.—Defendant, Norwood N. Nelson, an attorney, entered a plea of guilty to a charge of fraudulent conversion of his client's money. He was sentenced to a term of imprisonment. His sentence also directed him to make restitution. He was granted a parole by the State Parole Board and the period of his parole has expired. The pending procedure represents an attempt to have him committed for contempt of court in failing to make restitution.

No evidence was produced at the hearing and the case must be disposed of upon the petition and answer. In such case, by analogy with the proceeding in equity, the averments in the bill insofar as not denied by the answer and all undenied averments in the answer which have a bearing on the question must be accepted as true: Kelly et al. v. International Clay Products Co., 291 Pa. 383; 8 Standard Pa. Practice 229. The facts as gathered from the pleadings may be briefly stated.

The indictment against defendant contained two counts, the first charging fraudulent conversion of Home Owners' Loan Corporation bonds, valued at $1,-664.02 and belonging to his client, Clara I. Rehman, and the second charging embezzlement by defendant as attorney of the same sum. On March 3, 1942, defendant entered a general plea of guilty and on May 6, 1942, he was sentenced by President Judge Reader in the following language:

"May 6, 1942. Defendant is sentenced on the first count of the indictment to pay the costs of prosecution; make restitution, and be imprisoned in the Western Penitentiary for a term of not less than one year or more than three years from this date, and stands committed."

Defendant having applied for a parole, his case was heard by the Pennsylvania Parole Board in March of 1943. Defendant's failure to make restitution was discussed and considered at that time. On May 6, 1943,

defendant was granted a parole without condition and with no mention of restitution.

In November of 1944 defendant was called before Director Concelini of the Pittsburgh district of the Pennsylvania Board of Parole and a condition was added to the terms of his parole, requiring defendant to pay $25 each month as partial restitution of the amount which he had appropriated. Under this condition defendant made five payments of $25 each, the last one on July 17, 1945. In the meantime, on May 6, 1945, defendant was granted a final discharge from his parole. So soon as he received notice of his discharge, which was a time subsequent to July 17, 1945, defendant ceased making payments for the benefit of his former client.

On October 23, 1945, Clara I. Rehman presented her petition to the court asking that defendant be brought into court and sentenced on the second count of the indictment, the sentence imposed by Judge Reader having referred only to the first count. On this petition the court granted a rule to show cause why defendant should not be adjudged guilty of contempt of court because of his failure to comply with the order dated May 6, 1942. A number of objections have been advanced as matter of defense to this rule.

The first and apparently the decisive objection is the lack of authority in the court to impose a sentence of restitution. The general rule is that the power to require restitution in a criminal case is statutory and does not arise from common law: 24 C. J. S. 1256. In Commonwealth v. Boyle, 108 Pa. Superior Ct. 598, 604, defendant was found guilty of selling securities without a license contrary to The Securities Act of April 13, 1927, P. L. 273. He was sentenced to pay a fine, undergo imprisonment and make restitution in the sum of $600. Upon appeal it was held that, since the Act of 1927 made no provision for sentence of restitution and the offense was not one of those enumerated in section

179 of the Criminal Code of March 31, 1860, P. L. 382, 19 PS §981, the portion of the sentence requiring restitution was void.

In Huntzinger v. Commonwealth, 97 Pa. 336, it was held that under the Act of 1860 unless the indictment showed that money was actually obtained by fraud no valid sentence of restitution could be imposed. In Commonwealth v. Hinsdale, 85 Pa. Superior Ct. 238, 244, the proceeding was brought to secure the return of money paid to State policemen as bribes. The court, speaking by Linn, J., said by way of dictum:

"The power of the court to order restitution in cases of stolen goods or misappropriated money, depends on statute."

In Commonwealth v. Rouchie et al., 135 Pa. Superior Ct. 594, 607, the court stated that no sentence of restitution could lawfully be imposed for aggravated assault and battery, there being no statutory authority therefor.

Nor may the power to require restitution be derived from the old English statutes in force in colonial days. The statute of 21 Henry VIII declared that a person robbed, etc., "shall be restored to his money" and directs restitution but neither this old statute nor the later statutes of 7 and 8 George IV and 24 and 25 Victoria are in effect in this State. See Report of Judges, 3 Binney 599 and 2 Wharton's Criminal Law (12th ed.) 1536, §1224.

A study of the cases points to the Act of 1860, P. L. 382, as the true authority for sentences of restitution in Pennsylvania. Convictions of robbery, burglary, larceny, other unlawful and fraudulent takings, forgery, false pretenses or other cheating, authorized and required sentence of restitution. But by The Penal Code of June 24, 1939, P. L. 872, sec. 1201, the entire Act of 1860 was repealed. Most of the sections of the Act of 1860 were reënacted but section 179 is not one of them. The only punishment for fraudulent conver-

sion which is authorized by existing law is a fine not to exceed $5,000 or imprisonment not exceeding five years or both. Embezzlement by attorney carries the same penalty under section 824 of the Act of 1939. In neither section is there authority for requiring restitution. Since we are without statutory authority for the sentence of restitution imposed on May 6, 1943, that part of the sentence was a nullity: Commonwealth v. Rouchie et al., supra.

The lack of legal sanction for a sentence of restitution is decisive of the present rule; but something with reference to the other contentions of Clara I. Rehman may appropriately be stated. It must be noted that her petition did not ask to have defendant held guilty of contempt of court for failure to make restitution. It asked that defendant be brought in and sentenced on the second count charging embezzlement by attorney; the first, upon which he was sentenced charged fraudulent conversion.

It is clear from the pleadings that the sums of money referred to in the first and second counts are the same. The act of taking was also the same. Separate sentences were allowed for fraudulent conversion and false pretenses of the same sum in Commonwealth v. Davidow, 86 Pa. Superior Ct. 434, but the defendant had been convicted of conversion and sentence suspended before a conviction of false pretenses was had and reversed on an entirely different bill. The Superior Court left open the possibility of imposing sentence for conversion. But in the present case sentence has already been served on the first count and the relief sought is a further sentence on the first count.

The court was not bound to say on which count it imposed sentence: Commonwealth v. Leslie, 290 Pa. 530. Where defendants were found guilty upon indictments charging extortion, bribery, malfeasance, misfeasance and nonfeasance in office, and conspiracy, and where the offenses were based upon different facts

occurring at different times over a period of one and one-half years, it was held not to be error to impose sentence upon each indictment: Commonwealth v. Falls & Sykes, 107 Pa. Superior Ct. 129. The test was said to be whether the crimes are of equal grade and based upon different facts. Thus conspiracy to defraud is not the same thing as causing false claims to be made: Carter v. McClaughry, 183 U. S. 365. In the present case, however, there is a substantial identity in the offenses. Fraudulent conversion takes place under section 834 of The Penal Code of 1939, when one having possession "in any capacity" of property of another fraudulently converts it to his own use, while under section 824 whoever being an attorney and being intrusted with the property of another converts it to his own use is guilty of embezzlement. In the present case the only difference being whether defendant held the money as attorney or in any capacity, the offenses merged and the rule as stated in Commonwealth v. Didomenico, 131 Pa. Superior Ct. 113, 115, namely, " 'where there are several counts, a judgment and sentence upon one of these counts, no action being taken as to the others, disposes of the whole indictment, and operates as an acquittal upon or discontinuance of the other counts' ", is controlling.

It is clear upon examination that as the law now stands relief may not be granted in this case either by resentencing defendant or by finding him guilty of contempt. The omission of the power to require restitution from the Crimes Act of 1939 is a serious error which should be rectified. The public assumes that of course the power exists to require a thief to restore his stealings. This defect should be remedied speedily.

Entertaining these views we make the following

### Order of court

Now June 7, 1946, the rule granted upon defendant on October 23, 1945, is discharged and the petition is dismissed.