## Commonwealth *v.* Gross, Appellant.

614

Argued October 15, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Charles S. Shotz,* for appellant.

*Theodore L. Reimel,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY RHODES, P. J., January 8, 1948:

These appeals are from convictions in the Court of Quarter Sessions of Philadelphia County on six bills of indictment, Nos. 692-697, March Sessions, 1946, in which appellant was charged with obtaining money by false pretenses under section 836 of the Penal Code of June 24, 1939, P. L. 872, as amended by the Act of May 21, 1943, P. L. 306, §1, 18 PS §4836.

Appellant's motions for new trial and in arrest of judgment were refused.

The court imposed sentence on bill No. 692 of three months in the county prison, and directed appellant to make restitution by payment of $1,000 to the prosecutrix and to convey to her the property at 1521 Green Street, Philadelphia, Pennsylvania.

Appellant complains that his demurrer to the Commonwealth's evidence was overruled (Act of June 5, 1937, P. L. 1703, 19 PS §481), and that his request for binding instructions was denied.

The indictments were in similar form, and varied only as to the amounts and the dates on which appellant is alleged to have obtained various sums of money from the prosecutrix by false pretense. The indictments charged that appellant falsely represented to the prosecutrix, Fannie B. Comer, that the owner of premises 636 Pine Street, Philadelphia, had agreed to sell the same to her at a price of $5,625; that he had applied $700 received from the prosecutrix partly on account of the purchase price of 636 Pine Street and partly on account of the purchase price of 1521 Green Street; that he would have title to both properties conveyed to the prosecutrix —whereas, in truth, the owner of 636 Pine Street had not agreed to sell to prosecutrix for $5,625; that appellant had not applied the $700 received from prosecutrix partly on account of the purchase price of these two properties; that appellant thereby obtained various other payments totaling about $7,000 from prosecutrix.

The Commonwealth showed that appellant, who was not a licensed broker, dealt extensively in real estate on his own account; and that he had known prosecutrix for many years. Appellant had urged prosecutrix to buy 636 Pine Street and 1521 Green Street, which were rooming houses, as an investment. Prior to March 28, 1944, prosecutrix paid appellant $700 in cash to be applied to the purchase of the two properties. On that date she gave appellant a check for $400 marked "$200— Green St. 1521, 200—Pine Street 636." Appellant demanded and received additional deposits from prosecutrix on the pretext that the owners of the properties asked for further payments from her. After informing her that settlement was postponed several times, appellant finally, on June 21, 1944, conveyed 636 Pine Street to prosecutrix' nominee, at a price of $6,625, or $1,000 in excess of the price at which appellant had represented to her that the owner had agreed to sell to her. At the settlement for 636 Pine Street, appellant urged prosecutrix to pay the additional $1,000 for the reasons that

the title company would not postpone settlement, and that he would repay to her the $1,000 with interest. The records of the title company disclosed that appellant had purchased 636 Pine Street in his own name on May 25, 1944, for $5,625, and that he conveyed it to the nominee of the prosecutrix on June 21, 1944, for $6,625. A mortgage of $4,000 was placed on 636 Pine Street in the conveyance to the nominee of the prosecutrix, whereas, the mortgage at the time of the previous conveyance to appellant was only $2,767.98. It also appears from the evidence produced by the Commonwealth that appellant used a check of prosecutrix dated May 11, 1944, in the amount of $2,500 to take title to 636 Pine Street in his own name. From the official records of the recorder's office, it was established that appellant purchased 1521 Green Street, April 27, 1944, in his own name for $3,000. The title to that property remains in him.

Appellant's version of the transactions with prosecutrix was materially different. He testified that prosecutrix asked him to buy 1521 Green Street in the name of a straw; that he bought this property in his own name for $3,000, the agreed price; that he made repairs totaling an additional $3,000; that the checks made out to him and received from prosecutrix (with the exception of the $2,500 check used for 636 Pine Street) were for the purchase of, and repairs to, the Green Street property. Appellant testified that he bought 636 Pine Street for himself in March, 1944, for $5,625, and that he paid $700 additional for furniture in that property. Prosecutrix, according to appellant, heard of the purchase of the Pine Street property, and importuned him to sell it to her, which he did, at the agreed price of $6,625. He further stated that prosecutrix still owed him money which he had advanced in repairing 1521 Green Street. The testimony of appellant's wife, who testified in his behalf, differed from his testimony in some material respects. All of the contradictions were for the jury.

A criminal false pretense has been said to be "the false representation of an existing fact, whether by oral or written words or conduct, which is calculated to deceive, intended to deceive, and does, in fact, deceive, and by means of which one person obtains value from another without compensation": *Com. v. Goldberg et al.*, 130 Pa. Superior Ct. 252, 260, 196 A. 538, 542. In order to bring a case within the statute, the following elements must co-exist: (1) A false pretense; (2) an obtaining of property or something of value thereby; (3) an intent to defraud. *Com. v. Schmunk*, 22 Pa. Superior Ct. 348, 354; *Com. v. Brady*, 101 Pa. Superior Ct. 336; *Com. v. Campbell*, 116 Pa. Superior Ct. 180, 176 A. 246; *Com. v. Becker*, 151 Pa. Superior Ct. 169, 30 A. 2d 195; *Com. v. Johnson*, 312 Pa. 140, 167 A. 344. There must be a false assertion of an existing fact; the offense cannot be established by proof of a broken promise to perform some act in the future. *Com. v. Mauk*, 79 Pa. Superior Ct. 153; *Com. v. Forney*, 88 Pa. Superior Ct. 451.

We all agree that sufficient evidence was produced by the Commonwealth in this case, if believed, to sustain the convictions under the statute. Appellant falsely represented to prosecutrix that the owner of 636 Pine Street had agreed to sell to her at a fixed price of $5,625, a fact which was false and known by appellant to be false, as he had purchased the property in his own name. Appellant further falsely represented that the owners had demanded payments on account of the purchase price of both properties, and he induced prosecutrix to part with her money on the representation that such payments were being applied on account of the purchase price to her benefit, whereas, he was in fact using the money to buy the properties for himself and not for prosecutrix. See the cases of *Com. v. Landis*, 101 Pa. Superior Ct. 524, and *Com. v. Conroy and Kline*, 109 Pa. Superior Ct. 274, sustaining convictions where the defendant real estate brokers obtained money from clients by falsely asserting that certain real estate was clear

of encumbrances when the records showed existing mortgages.

The crime of false pretense was complete when appellant obtained money from prosecutrix on the strength of his false assertions of fact, and applied the money to his own use. It is no defense that prosecutrix subsequently received partial compensation for her payments in the form of the conveyance of the Pine Street property. The transactions must be considered as a whole with a view to determining whether the elements of the crime were present and co-existing. That the false assertions of fact were coupled or blended with promises does not render the false assertions ineffective. *Com. v. Wallace*, 114 Pa. 405, 6 A. 685.

Appellant assigns as error the refusal of the court below to quash the indictments. He asserts the indictments were submitted, without notice to him, to a grand jury drawn for a term several terms later than the term to which the case was returned by the magistrate.

Prosecutrix' complaint or information was dated May 25, 1945. Appellant was arrested July 10, 1945, and held for the next term of court. The magistrate's transcript was returned July 16, 1945. Appellant entered bail to appear at the next term of court, August Term, 1945. Notice that the charges would be presented to the Grand Inquest at March Sessions, 1946, was given by personal service on appellant's bondsman, on February 28, 1946. The grand jury convened March 4, 1946, and returned true bills on March 22, 1946. Appellant was notified on May 14, 1946, that he was to stand trial. He filed his motion to quash the indictments on May 21, 1946, and averred this was his first knowledge of the case since the proceedings before the magistrate.

A defendant is entitled to reasonable notice where the bill is submitted at a term subsequent to the original term at which the bill was to be laid before the grand jury, and at which he is bound by his recognizance to

appear. *Com. v. Brown,* 12 Pa. Dist. R. 316; *Com. v. Harris et al.,* 13 Pa. D. & C. 252. Notice to defendant's counsel has been held sufficient. *Com. v. Graham,* 20 York Legal Record 143. In the present case, notice was given to appellant's bondsman; he was technically in the custody of his surety. Restatement, Security, §204. We think appellant had reasonable notice and adequate time to raise any objection, and that he cannot now complain. As to the array he had an opportunity to challenge at any time before entering his plea. *Com. v. Weiner,* 101 Pa. Superior Ct. 295, 298.

Furthermore, appellant presented no ground for challenging the grand jury. As we said in *Com. v. Magid and Dickstein,* 91 Pa. Superior Ct. 513, 516: "The appellants' contention that the action complained of deprived them of their right to challenge the array of the grand jury is without merit. They do not aver that any ground existed for such challenge, but only that if such ground had existed, they could not have availed themselves of it. This is no reason at all for setting aside a conviction. But it is untenable for the reason that if grounds for such challenge had existed, they would have been considered on motion to quash if made at the first opportunity after indictment: Com. v. Smith, 4 Pa. Superior Ct. 1, 13 (RICE, P. J.); Brown v. Com., 73 Pa. 321; Dyott v. Com., 5 Wharton 67; U. S. v. Gale, 109 U. S. 65; Carter v. Texas, 177 U. S. 442."

Appellant also claims the court below erred in refusing to quash the indictments, on which he was subsequently convicted, because they differed materially from the complaint or information. The complaint sets forth the substance of the transactions involved and contains all the essential elements of the crime of false pretense. It avers that the prosecutrix was induced to entrust appellant with money totaling $6,000; that he agreed to purchase 636 Pine Street and 1521 Green Street, Philadelphia, on behalf of prosecutrix; that he represented the purchase price of 636 Pine Street as being $5,625;

that he agreed to return $1,000 to prosecutrix if she would go through with the settlement on 636 Pine Street for $6,625; that he never returned this sum; that he "by divers promises and misrepresentations agreed to act on behalf of your deponent in the purchase of premises 1521 Green Street, and to have title taken in name of your deponent or someone designated by your deponent"; that he took title to 1521 Green Street in his own name and used prosecutrix' money to buy these premises.

The information or complaint charged in substance the crime of false pretense for which appellant was indicted, tried, and convicted. Mr. Justice STERN recently summarized the law on this point in *Com. v. Musto,* 348 Pa. 300, at pages 302, 303, 35 A. 2d 307, at page 309: "It is true that a complaint or information must contain all the essential elements of the offense sought to be charged, and, if it fails in this respect, it is not sufficient that the indictment supply them, because a defendant should not be required to answer a charge different from, and unrelated to, the one for which he was arrested and held to bail. But it is likewise true that an information need not employ the legal phraseology or possess the technical accuracy of an indictment or describe the crime as fully and specifically as is there required." Appellant's motion to quash the indictments was properly refused.

The record, in our opinion, contains no reversible error. Appellant had a fair trial, and the evidence was sufficient to convict him. The proofs are not insufficient because they may disclose additional crimes besides those charged.

That part of the sentence which directs appellant to make restitution, cannot be sustained. The power of the court to order restitution in criminal cases depends upon statute. *Com. v. Hinsdale,* 85 Pa. Superior Ct. 238, 244. Restitution was provided for under section 179 of the Act of March 31, 1860, P. L. 382, 19 PS §981, but this

was repealed by section 1201 of the Penal Code of June 24, 1939, P. L. 872, 18 PS §5201. The sentence permitted under section 836 of the Penal Code of June 24, 1939, P. L. 872, as amended, 18 PS §4836, is "a fine not exceeding five thousand dollars ($5,000), or . . . imprisonment not exceeding five (5) years, or both." Statutory authority for that part of the sentence ordering restitution was therefore lacking in this case. See *Com. v. Nelson,* 57 Pa. D. & C. 329.

The sentence is modified by striking out the part ordering restitution, and the judgment, as modified, is affirmed. It is ordered that defendant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with the sentence, or any part thereof, which had not been performed at the time the appeal in this case was made a supersedeas.