## Commonwealth v. May

*Francis A. Biunno*, for Commonwealth.

*John A. Eichman, 3rd*, for defendants.

ALESSANDRONI, P. J., December 2, 1955.—As of the above term and number, defendant was indicted for violation of the Pennsylvania Liquor Code for an offense allegedly committed on or about October 13, 1953. Defendant was arrested on November 14, 1953, and held in $500 bail on November 16, 1953, for the action of the December 1953 grand jury. Defendant's case was not presented to the December 1953 grand jury, but, on the contrary, he was indicted by the grand jury sitting in January 1955.

Defendant has filed this motion to quash the indictment upon the ground that the indictment was not signed on its face by the foreman of the grand jury, that similarly, the words "true bill" and the word "foreman" had been crossed out by person or persons unknown without explanation, that neither defendant nor his surety was notified that the complaint against defendant would be heard by the January 1955 grand jury.

The answer of the Commonwealth in general admits the facts but denies the legal inferences therefrom.

Defendant's attack on the bill of indictment is one of form and not of substance. In Commonwealth v. Ferguson, 8 Dist. R. 120, a bill of indictment contained a signature without the word "foreman" attached. The omission was held to be amendable. In Commonwealth v. Lenox, 3 Brewster 249, an indictment for murder was not signed by the district attorney. On motion, the defect was amended and the district attorney permitted to sign it.

In Sparks v. Commonwealth, 9 Pa. 354, a bill of indictment was returned which omitted the word "true". Chief Justice Gibson held the same to be amendable, a "matter of form not touching matter of substance".

We, therefore, hold that the claimed defect regarding the signature on the bill by the foreman of the grand jury is at most an amendable defect and, therefore, not calling for further consideration.

The question of notice to defendant, where a case is submitted to the grand jury for a term later than that which defendant is held to answer, presents a more fundamental question. Defendant takes the position that where one is held to answer to the next term of court, and the case is not presented to the grand jury at that term, the matter cannot be referred to a subsequent grand jury unless that individual receives notice. Commonwealth v. Gross, 161 Pa. Superior Ct. 613, is cited by defendant in support of that proposition. There the court said, at pages 619, 620:

"A defendant is entitled to reasonable notice where the bill is submitted at a term subsequent to the original term at which the bill was to be laid before the grand jury, and at which he is bound by his recognizance to appear."

The underlying reason is that a defendant has a right to challenge the array of the grand jury. The quoted language seems to support defendant's proposition that, unless he has notice, he has been deprived of the opportunity to challenge the array. However, close analysis of Commonwealth v. Gross, supra, does not disclose the necessity of the notice. *The law only requires that defendant have an opportunity to enter his challenge, and he has it at any time before he pleads to the bill:* Commonwealth v. Weiner, 101 Pa. Superior Ct. 295; also, Commonwealth v. Magid and Dickstein, 91 Pa. Superior Ct. 513. In Commonwealth

v. Gross, supra, defendant contended that he did not have actual notice.

Challenges before a grand jury are of two types, for cause and to the array. It is clear that if a challenge for cause exists against a particular grand juror, it alone is not grounds for quashing the indictment: Commonwealth v. Craig, 19 Pa. Superior Ct. 81. In that case, defendant moved to quash the indictment on the ground that he had a challenge for cause which he was not able to interpose before the grand jury considered his case.

A challenge to the array must be directed at the grand jury itself, its composition or the mode of selection. Defendant has not indicated any reason for a challenge to the array.

In the absence of a basis for such a challenge, the most defendant can urge is that he was not permitted to challenge the array prior to the presentation of the indictment. As noted above (Commonwealth v. Weiner, supra), the right still exists, so therefore it has not been lost. If defendant wishes to challenge the array merely for the sake of exercising the right without a specific reason, then his challenge is obviously meaningless.

We have considered several cases which have held to the contrary, i.e., quashed indictments because of a failure to give notice. See Commonwealth v. Griffiths, 38 Lanc. 89, and cases cited therein. However, those cases rested on the proposition that if a challenge to the array was not made prior to the return of the indictment, it was lost. As is now clearly established, the proposition upon which those cases relied is no longer the law of Pennsylvania.

### Order

And now, to wit, December 2, 1955, defendant's motion to quash is dismissed.