## Commonwealth v. Davis

*John B. Schaner*, for appellant.

*R. Lee Ziegler*, for Commonwealth.

LEHMAN, P. J., March 22, 1965.—This case comes before us on an appeal by defendant pursuant to section

2 of the Act of May 8, 1876, P. L. 154, 18 PS §2034. Defendant was found guilty of vagrancy on March 4, 1965, by a justice of the peace and was sentenced to a term of six months at hard labor in the Allegheny County Workhouse.

The complaint charges that defendant on or about the twenty-fifth day of January, 1965, and at other divers times "did loiter on E. Market St. and other various parts of the Borough of Lewistown, and he follows no labor, trade, occupation or business and has no visible means of subsistence and can give no reasonable account of himself of his business in such a place."

Defendant's appeal alleges that he is not a vagrant as defined by law, that he had a fixed place of residence where arrested and that he was not charged with any act of vagrancy.

It is evident that the complaint seeks to have defendant declared a vagrant under clause IV of section 1 of the Act of May 8, 1876, P. L. 154, 18 PS §2032. This section lists four categories of vagrancy: I. persons unlawfully returning to a district from which they had been legally removed without bringing a proper certificate, II. persons refusing to perform work allotted to them by the overseers of the poor, III. persons begging or gathering alms, and IV. "persons who shall come from any place without this commonwealth to any place within it and shall be found loitering or residing therein, and shall follow no labor, trade, occupation or business, and have no visible means of subsistence, and can give no reasonable account of themselves or their business in such place."

The complaint fails to include the first part of clause IV relating to coming from a place without the Commonwealth. This is an essential element of the offense of vagrancy under clause IV. Where a defendant is accused of vagrancy under clause IV, the complaint must charge his coming to Pennsylvania from a place

without the Commonwealth, that he was loitering, that he follows no occupation, has no visible means of subsistence, and can give no reasonable account of himself or his business in such place.

A complaint or information must contain all the essential elements of the offense sought to be charged: Commonwealth v. Musto, 348 Pa. 300, 35 A. 2d 307; Commonwealth v. Gross, 161 Pa. Superior Ct. 613, 56 A. 2d 303.

Rule 104 (6) of Criminal Procedure provides that every complaint shall contain: "a summary of the facts sufficient to advise the defendant of the nature of the offense charged, but neither the evidence nor the statute allegedly violated need be cited in the complaint, nor shall a citation of the statute allegedly violated, by itself, be a sufficient compliance with this sub-section." We are of the opinion that said rule has not changed the principle of law that a complaint must contain all the essential elements of the offense sought to be charged. Where a complaint lacks an essential element of an offense sought to be charged, defendant would have no means of determining whether or not he was guilty.

One may not be convicted of vagrancy unless he has committed some act forbidden by the Act of May 8, 1876, P. L. 154, 18 PS §2032: Commonwealth v. King, 2 Kulp 386, 12 Luz. 217. Our research has failed to locate any authority construing the first portion of clause IV of section 1 of said act. We are of the opinion that a person who has continuously resided within a municipality in Pennsylvania for a substantial period of time could not be found guilty of vagrancy under clause IV. The transcript clearly discloses that defendant has continuously resided in Lewistown, Mifflin County, for a substantial period of time.

Because the complaint is fatally defective in that it does not include an essential element of the alleged offense and the transcript reveals that defendant has

not come to Pennsylvania from a place without, we enter the following:

ORDER

Now, March 22, 1965, defendant's appeal in the within case is hereby sustained, and it is

Ordered and decreed that the authorities at Allegheny County Workhouse forthwith discharge said defendant from said institution. Costs of this proceeding shall be paid by Mifflin County.