393 A.2d 1266

COMMONWEALTH of Pennsylvania

v.

**Vinel BURKE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 19, 1978.

Decided Nov. 14, 1978.

William J. Mazzola, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, and Edward G. Rendell, District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

As the result of a private criminal complaint, appellant was charged with Theft by Deception, 18 Pa.C.S.A. 3922,[1] and a charge of altering and tampering with checks. On December 23, 1976, she was tried and convicted of Theft by Deception in Municipal Court, and sentenced to one to twelve months imprisonment and to make restitution. Appellant then appealed this decision to the Court of Common Pleas, and on January 7, 1977, bills of indictment for forgery, Theft by Deception and tampering with records were filed against appellant. Private counsel was appointed. A motion to quash the forgery and tampering charges was granted, and appellant was found guilty on September 7, 1977, of the theft by deception charge. Post-verdict motions were filed and denied, and she was sentenced to three years probation on the condition that she make restitution.

The only issue raised by appellant on appeal is whether the evidence was sufficient to convict her of theft by deception.

The facts relevant to this case are as follows: Appellant was an employee of Omega Services, Inc., and she was empowered to authorize expenditures. On February 5, 1976, she presented a check to the company Treasurer for signature. The check contained the amount, $18, in numerals, the date, and the words "reimbursement for safe deposit box" written on the check. The portion of the check where the amount should be written in words was blank. The check for $18.00 was approved and signed by the Treasurer. On February 13, 1976, the appellant was dismissed by Omega. On that date, appellant presented the approved check to the First Pennsylvania Bank. The check, however, on presentment read $418.00, and the words, "four hundred eighteen",

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, effective June 6, 1973.

had been written in. The words "and February salary" had been added to the safe deposit box reference. The bank honored the check. Omega subsequently notified the bank of the alteration, and the Bank suffered the loss.

Appellant argues that the Commonwealth failed to prove the elements of the crime of Theft by Deception in that there was no deception in obtaining the Treasurer's signature nor any false representations made to the victim or the bank teller. However, appellant would have this court interpret 18 Pa.C.S.A. 3922 far too narrowly. In noting that 3922 replaced 18 P.S. § 4836,[2] the crime of cheating by false pretenses, appellant misinterprets the import of the new statute when she argues that verbal misrepresentations are necessary to establish the element of deception. The misrepresentation language in 4836 that appellant relies on was replaced by the words "creat[ing] or reinforc[ing] a false impression".

Our present statute was adapted from Section 2233 of the Model Penal Code wherein comments illustrate the following at Tentative Draft 2; Section 206.1(6)(a) Deception:

> C. Creating an Impression; Implication. For the traditional definition of the act of false pretenses as the making of a "misrepresentation," the draft substitutes the broader language of "creating or reinforcing a false impression." So far as the use of "creating" is concerned, no substantive change is contemplated. The early cases construing the germinal English false pretense statute recognized that deceptive non-verbal behavior was within the statute.[43] The broader language is preferred because it says what "false pretense" and "misrepresentation" had to be construed to say.

The fact that deceptive non-verbal behavior is within the purview of our former statute is evidenced by such cases as *Commonwealth v. Gross*, 161 Pa.Super. 613, 56 A.2d 303 (1948) and *Commonwealth v. Sherman*, 182 Pa.Super. 319, 126 A.2d 480 (1956).

2. Act of June 24, 1939, P.L. 872, § 836.

Appellant created the false impression that the original check submitted to the Treasurer for approval was only worth $18.00 for reimbursement purposes. Based on this impression, the check was executed. Appellant also created the false impression that the check presented to the Bank had been executed for the amount of $418.00. This conduct is clearly within the purview of § 3922(a)(1) which reads as follows:

"A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; "

The judgment of the lower court is affirmed per curiam.

HOFFMAN, J., did not participate in the consideration or decision of this case.