167    225
d 22 SC ¹353

</div>

# Commonwealth *v.* Andrew Karpowski, Appellant.

*Criminal law—False pretenses—Jurisdiction.*

Where a purchaser of goods living in a different county from the vendor makes false representations to the vendor's agent upon the strength of which the goods are sold, and the vendor delivers the goods in the county where he resides to a common carrier, addressed to the purchaser, a conviction for false pretenses may be had in the county where the vendor resides.

*Criminal law—False pretenses—Indictment—Variance between indictment and proof.*

Where an indictment for false pretenses charges that the defendant represented that he had money in the "Merchants' National Bank of Shenandoah," and the proof of the commonwealth was that he stated that he had it in the "Merchants' Bank of Shenandoah," there is no such variance between the indictment and the proof as will defeat a verdict of guilty.

In such a case where the indictment charges that the defendant stated that he had more than three hundred dollars in bank, while the testimony was that defendant stated that he had money enough, and more than money enough to pay the bill that was past due, and which was in amount about three hundred dollars, the variance is not sufficient to defeat the verdict.

Argued March 12, 1895.    Appeal, No. 15, Jan. T., 1895, by defendant, from order of Q. S. Northampton Co., June T., 1894, No. 52, overruling motion in arrest of judgment.    Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Indictment for false pretenses.

The jury returned a verdict of guilty. The defendant moved to arrest the judgment on the ground that the court had no jurisdiction, and also on the ground that there were fatal variances between the indictment and proofs. The court overruled the motion in arrest of judgment in an opinion by Reeder, J., which was as follows :

" It is claimed that this court has no jurisdiction of this case because the offense was not complete in this county. Andrew Karpowski lives and does business in the borough of Shenandoah in Schuylkill county. Stephen G. Reynolds was employed by the prosecutors, J. Hay & Sons, as a salesman, and solicited orders for the sale of goods for them in that section of the state. In pursuance of his duties he went to Schuylkill county, visited the defendant in his place of business and presented a bill for a past due account ; Karpowski said that he had money enough in the Merchants' Bank to pay the account, but that he wanted to use it to buy a piece of real estate and that he would pay the account later — wanting a little time. He then asked, according to the testimony of Reynolds, and which the jury have found to be true, that more goods be sold to him. Reynolds took his order for more goods, submitted it to the firm for which he was an agent in Easton upon his return, repeated the statement of Karpowski as to the amount of money he had in bank in Shenandoah, and upon the strength of that statement and because of it the prosecutors filled the order and delivered the goods, addressed to Karpowski the defendant, to the Lehigh Valley Railroad Company.

" The defendant now claims that this court has no jurisdiction to try him for the offense charged, because the offense was not completed in this jurisdiction. It is true that the matter came up before the court of quarter sessions of Schuykill county, and that that court determined that it had no jurisdiction and that the jurisdiction for the trial of the offense charged was with this court. This, however, must be regarded as a dictum and not a decision binding upon us, except so far as it affects the question of the jurisdiction of the Schuylkill county court.

" It is a well recognized principle of law that the jurisdiction of a court is statutory, and unless we have jurisdiction under

a statute we can take no cognizance of a criminal offense. It is also a well recognized fact that criminals have again and again, before our statutory law had made sufficient progress to cover cases of such a character, escaped punishment because of the non-completion of an offense within any jurisdiction, and statutes had to be enacted in order to give jurisdiction somewhere in order that criminals should not go unpunished. It is true, however, that unless this offense was completed within the jurisdiction of either the courts of Northampton county or of the courts of Schuylkill county neither court would have jurisdiction. The false pretense, being an essential element of the offense, if it were made without our jurisdiction to the parties parting with their property, who had also delivered the goods to the party making such false representation within another jurisdiction, then this court could take no cognizance of and enter no judgment for such offense. It might be a matter of doubt whether, if the false representations were made to the owners of the goods in one jurisdiction and the delivery of the goods made to parties in another jurisdiction, the courts of either jurisdiction could take cognizance of such offense. But I do not consider that that is the question before this court now. Reynolds was not the party owning these goods. He was an agent of another for the purpose of soliciting orders for the sale of goods; he had no power, according to the testimony in the case, to sell goods; he had simply the power under his agency to solicit orders for the goods and submit them to his principals, which orders they might or might not accept and fill; he took this order; at the time it was given he also received the statement of Andrew Karpowski that he had money in the bank more than sufficient to pay the old account, which was in the neighborhood of three hundred dollars, this being the same as if he had said 'I have three hundred in the bank at Shenandoah.' This statement by Karpowski was submitted to J. Hay & Sons, and upon the strength of that statement the goods were shipped and delivered to a common carrier for Andrew Karpowski. A delivery to the common carrier of these goods addressed to Andrew Karpowski was a delivery to him. The goods, therefore, were delivered to Karpowski himself within the jurisdiction of this court. Had Karpowski written a letter to J. Hay &

Sons, containing this statement as made to their agent, could it be successfully contended that because that letter was written in Schuylkill county the false pretense had been made in that county? Could it be contended that if he had sent a messenger from Schuylkill county to repeat verbally the statement which he made through Reynolds to J. Hay & Sons, and it had been so repeated to them by his messenger, and upon the strength of that the goods had been delivered to a common carrier addressed to Karpowski, that the offense was not completed within this jurisdiction? Whether the messenger were one employed by himself or one employed by J. Hay & Sons could make no difference. The false representations in this case were made, according to the testimony, by Reynolds as the messenger of Karpowski to J. Hay & Sons within this jurisdiction; the goods were delivered to a common carrier for Andrew Karpowski within this jurisdiction. Therefore, there can be no question in our mind as to the power of this forum to try this case, and the motion in arrest of judgment must therefore be denied.

"The defendant further contends that the verdict should be set aside and a new trial granted because of a variance between the indictment and the proof. The indictment alleges that the defendant represented that he had money in the 'Merchants' National Bank of Shenandoah,' whereas the proof of the commonwealth was that the defendant stated that he had it in the 'Merchants' Bank of Shenandoah.' That there is such a variance between the indictment and the proof in this particular is unquestionably true. We also believe it to be true as a legal principle that this is not such a variance as would defeat this verdict.

"Andrew Karpowski, the defendant, when upon the stand testified that there were but two national banks in Shenandoah and that one was the First National Bank and the other the Merchants' National Bank. He also said that he did not know of any other banks—that he only knew of the national banks. This must be taken, in the absence of any other testimony, as being prima facie true.

"It is a matter of common custom, familiar to us all, in speaking of a bank, to speak of it as 'The First Bank,' 'The Easton Bank,' 'The Merchants' Bank,' leaving out the word

National.   Under the testimony in this case, therefore, the statement laid in the indictment that he said it was the Merchants' National Bank in which he had the money deposited, and the proof being that it was in the Merchants' Bank, and there being no other bank in Shenandoah of that name so far as the evidence discloses, it must be assumed that the 'Merchants' Bank' and the 'Merchants' National Bank' are names for the same bank.   Therefore the variance from the evidence, which consists in the introduction in the indictment of the word National is immaterial and not sufficient to defeat this verdict.   This is also true of the difference in the statement in the indictment and in that of the testimony regarding his declaration as to the amount of money he had.   The indictment charges that the defendant stated that he had more than three hundred dollars in bank.   The testimony was that the defendant stated that he had money enough and more than money enough to pay the bill that was past due, and which was in amount about three hundred dollars.   This is not a sufficient variance to defeat this verdict.   It is in effect the same statement.   If a man says to another 'I will sell a property for ten thousand dollars' and the other in reply says 'I have more than enough money to buy that property now in bank,' he in effect says 'I have more than ten thousand dollars now in bank,' and if, upon an indictment for false pretense, he is indicted for having said that he had more than ten thousand dollars now in bank it is in effect the very declaration that he has made.   Although not in the same terms it is equivalent to it, and under the policy of our latter day administration of the law such a variance between the indictment and the proof will not be permitted to defeat the ends of justice.

"Now, July 23, 1894, the motion in arrest of judgment is set aside, and the motion for a new trial is refused, and the defendant will present himself for sentence in this court upon the third Monday of August next."

*Error assigned* was above order.

*W. D. Seltzer*, for appellant, cited on the question of jurisdiction: Act of Parliament of 30 George II, chap. 24; 4 A. & E. Ency. of Law, 723 ; 2 Hawkins Pleas of the Crown, ch. 25

2 & 3 Edw. VI, ch. 24; act of March 31, 1860, sec. 46, P. L. 395; State v. Rennels, 14 La. An. 278; People v. Gardner, 2 Johnson (N. Y.), 477; People v. Schenck, 2 Johnson (N. Y), 479; Simmons v. Com., 5 Binney, 617; Com. v. Kunzmann, 41 Pa. 429; Com. v. Mulholland, 6 Phila. 280; Com. v. Dunn, 8 Phila. 605; Com. v. Macloon, 101 Mass. 1.

*Edward J. Fox*, A. C. *La Barre*, district attorney, with him, for appellee.—The essence of the crime was making the statement to J. Hay & Sons. Until it reached them it was harmless and no offense, but when it did reach them and was followed by the chain of elements necessary to constitute the charge laid in the indictment the offense is complete: Com. v. Call, 21 Pick. (Mass.) 523; Com. v. Harley, 48 Mass. 463; Schmertz v. Dwyer, 53 Pa. 338; Com. v. Goldstein, 3 Pa. C. C. 121; Norris v. State, 25 Ohio, 217; Com. v. Taylor, 105 Mass. 172; Com. v. Wood, 142 Mass. 459; Regina v. Leech, 1 Dearsley's C. C. 642.

If the pretenses are made in one jurisdiction and the property or money obtained in another, the person making the representations must be indicted within the latter jurisdiction : 7 Amer. & Eng. Ency. of Law, 758; Stewart v. Jessup, 51 Ind. 413; State v. House, 55 Iowa, 466; State v. Schaeffer, 89 Mo. 271; People v. Sully, 5 Parker's Cr. Cases (N. Y.), 142; Skiff v. People, 2 Parker's Cases (N. Y.), 139.

Per Curiam, April 1, 1895:

In his opinion disposing of the motion in arrest of judgment, etc., the learned trial judge has satisfactorily shown that the averment of jurisdiction in the indictment was fully sustained by the evidence; and that the conviction of the defendant in manner and form as indicted should be sustained.

We affirm the judgment on his opinion; and it is ordered that the record be remitted to the court below.