## Commonwealth *v.* Davidow, Appellant.

*Criminal law—False pretense—Stock sales—Book value—Sufficiency.*

In the trial of an indictment charging false pretense in the sale of stock, the defendant is entitled to binding instructions where the evidence fails to establish the pretense laid.

The book value of the stock of a corporation is the book value as it appears by the books of the company. They are the best evidence by which such value can be established. In the absence of any proof of what the book value of the stock was, the jury cannot be permitted to find that there was any false pretense by the defendant in respect to it.

Argued October 6, 1925. Appeal No. 166 October T., 1925, by defendant from judgment and sentence of Q. S. Montgomery County, November T., 1924, No. 48-1, in the case of Commonwealth of Pennsylvania v. Morris Davidow. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Indictment for false pretense. Before MILLER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, sentence of the court and refusal of defendant's motion in arrest of judgment.

*Jay B. Leopold,* and with him *Frank J. Bradley,* for appellant.

*George C. Corson,* Assistant District Attorney, and with him *Frank X. Renninger,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., November 13, 1925:

Defendant was tried and convicted on an indictment which charged him with obtaining $2,000 from one Andrews by false pretenses made in respect to shares of stock of the Utah Lead Company sold by him to Andrews. The indictment averred that in order to obtain the money defendant represented to Andrews that (1) the stock had a book value of $5 per share, (2) was then and there (on or about August 20, 1924) selling at an advance above $5 per share in the market, and (3) was quickly and easily marketable at the price of $5 per share; that upon the strength of these representations Andrews turned over to defendant the sum of $2,000 for the purchase of shares of said stock; that said representations and pretenses on the part of defendant were false and untrue; and that the stock was worthless, had no market value and was not selling at an advance over the alleged book value. Andrews testified, in support of these allegations, that defendant, when he undertook to sell him the stock, said that "he had the book value and it was worth at that time—the book value—about $7, but he would say $5 to make it safe;" and that it was selling at the time for $2.25 a share. The Commonwealth offered the testimony of no other witness as to the representations made by defendant.

The main contention of the learned counsel for defendant is that the evidence was insufficient to support any of the three charges in the indictment. If he is correct in this, the judgment must be reversed and it will be unnecessary for us to consider the other questions presented. As to the representation that the stock had a book value of $5 per share, the record is barren of any evidence to prove its falsity. The book

value of the stock of a corporation is the value as it appears by the books of the company. They are the best evidence by which such value can be established. In the absence of any proof of what the book value of the stock was, the jury could not be permitted to find that there was any false pretense by defendant in respect to it. In respect to the pretense that the stock was selling at an advance above $5 per share in the market, the only testimony adduced in support thereof was that of Andrews, who stated that defendant told him that the stock was selling for $2.25 a share. The contention is that, as to this averment, the variance between it and the proof offered to support it is fatal to the Commonwealth's case. The rule is that the specific pretense charged in the indictment must be proved to have been made. It is not enough to prove some other pretense resembling the one laid in the indictment. There was a manifest material variance between the indictment and the proof to this averment. To say that the stock was selling for $2.25 per share was a very different thing from saying that it was selling for over $5 per share in the market. The statement charged might be false, although the proven one was true. An immaterial variance is not fatal: Com. v. Karpowski, 167 Pa. 225. We think the true rule as to a material variance is that stated in 25 C. J. 639, as follows: "Accused cannot be convicted on proof of pretenses not alleged in the indictment. Hence if the indictment alleges a single representation made of a single inseparable fact, and the proof is of a single representation variant from that charged, the variance is fatal." There is no fatal variance when several representations are alleged and only one is proved. But the allegation as to the pretense which was relied upon must be proved as laid. It being clear that the evidence offered by the Commonwealth failed to establish the pretense laid, that defendant told

Andrews that the stock was selling at more than $5 per share, it follows that there could be no conviction in respect to that averment.

As to the averment that defendant represented to Andrews that the stock was quickly and easily marketable at the price of $5 per share, it is clear, for the reasons above stated, that evidence that defendant said that the stock was selling at $2.25 per share will not establish an averment that he said it was marketable at $5 per share. Therefore, we are compelled to hold that the evidence produced failed to establish any one of the averments of the indictment as laid, and that defendant was entitled to the affirmance of his point requesting the direction of a verdict of not guilty. This conclusion makes it unnecessary for us to pass upon the other assignments of error. Our examination of the record convinces us, however, that there is no merit in the assignments complaining of errors in the charge or of the latitude allowed to the district attorney in examining the witness, Andrews. We note that the record shows that defendant was tried and convicted at the same time on a bill charging him with the fraudulent conversion of $2,000 in violation of the Act of 1917, P. L. 241, and that sentence was suspended on that bill. Whether the reversal of this judgment calls for the imposition of sentence on that bill is a matter for the consideration of the court below.

The third assignment of error is sustained, and the judgment is reversed.