Commonwealth *v.* Wright, Appellant.

Submitted November 12, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

George W. Shields, for appellant.

John H. Brydon, District Attorney, for Common-wealth, appellee.

OPINION BY SPAULDING, J., March 23, 1971:

Appellant Charles W. Wright was convicted by a jury on June 20, 1968, of cheating by fraudulent pretenses in violation of the Act of June 24, 1939, P. L. 872, §836, as amended, 18 P.S. §4836.[1] His motion in arrest of judgment was denied on May 26, 1970, by the Court of Common Pleas of Butler County. This appeal followed.

In October 1967, appellant entered into an oral agreement with the prosecutor, James Irvine, owner of the Irvine Tire Company in Zelienople, Pennsylvania, whereby Irvine would supply automobile tires to appellant for retail sale. Pursuant to that agreement, appellant picked up six truckloads of tires from Irvine valued at approximately $4400. Although appellant was billed on the tenth of each subsequent month, no payments were made. Irvine's efforts to communicate with appellant and to locate him at his Sharpsburg,

---

[1] Section 4836 states in part: ". . . Whoever, by any false pretense, obtains the signature of any person to any written instrument, or obtains from any other person any chattel, money, or valuable security, with intent to cheat and defraud any person of the same . . . is guilty of a felony . . ."

14

Pennsylvania address, were unsuccessful. On March 7, 1968, Irvine filed a criminal complaint alleging that appellant's actions constituted the crime of cheating by fraudulent pretenses. The complaint alleged that appellant had falsely represented himself as the owner of an E. & W. Warehouse Company and falsely represented that this enterprise was located at the Sharpsburg address.

To bring this case within the provisions of the amended Act, three separate elements must be found to coexist: (1) a false representation of an existing fact, (2) obtaining property or something of value thereby and (3) an intent to defraud. *Commonwealth v. Conners,* 201 Pa. Superior Ct. 500, 193 A. 2d 682 (1963); *Commonwealth v. Matthews,* 196 Pa. Superior Ct. 60, 173 A. 2d 772 (1961); *Commonwealth v. Doria,* 193 Pa. Superior Ct. 206, 163 A. 2d 918 (1960). Our question is whether the evidence, viewed in the light most favorable to the Commonwealth was sufficient to establish beyond a reasonable doubt that the appellant made a false representation of an existing fact with the intent to defraud.

Although the evidence as to appellant's business dealings was inconclusive, the following facts were not in dispute: Appellant told Irvine that he was the owner of the E. & W. Warehouse Company, and that the company's business address was 813 Clay Street in Sharpsburg. Irvine mailed all bills and correspondence to that address. There was no indication that these statements were not received by appellant. Despite numerous efforts over a period of five months, Irvine did not succeed in getting any response from appellant, and finally went to Sharpsburg himself to locate appellant and secure payment. A week long search for 813 Clay Street was unsuccessful. Irvine found only a vacant garage at 815 Clay Street which hearsay testimony (ad-

mitted without objection) indicated was at one time a part of appellant's business "complex".

Appellant's uncontradicted testimony was inconsistent with the charge of false pretenses. He testified that: he had been unable to pay the money due Irvine because of "financial difficulties" subsequent to their agreement; the E. & W. Warehouse Company had been a "one-man" operation since 1964 and federal and state taxes had been filed for years up to but not including 1967; the Company was operated from three different addresses (817 Main Street, 814 Main Street and 813 Clay Street) ; and that 813 Clay Street was located directly behind 817 Main Street and was in fact used exclusively as a warehouse. Appellant entered into evidence correspondence from other companies addressed to the E. & W. Warehouse Company at 813 Clay Street, and newspaper advertisements giving the 814 Main Street address.

The only pertinent testimony on either intent or misrepresentation was in the following cross-examination: "Q. Mr. Irvine, I believe you testified that you made an extensive search of Sharpsburg for 813 Clay Street. A. Right. Q. Are you certain that is the number that the defendant gave you? A. It's written on the top of the purchase order that he handed us. Q. I see. And did you find such an address at all? A. No. Q. You did not. I believe you stated that you sent out bills on the 10th? A. Right. Q. And to what address did you send those bills? A. Same address. Q. Same address. None of them came back, did they? A. No, sir. Q. They were presumably delivered; correct? A. Presumably. . . . Q. I see. And you made your search approximately four or five months after the purchases were made? A. Yes, sir. Q. Is that correct? So that you don't have any way of knowing whether or not this man was in business at the time

he was purchasing from you, do you? A. All I have is word of a man that he was renting the small garage from.[2] Q. Well, Mr. Irvine, my question is, at the time these tires were purchased, you do not know whether or not this man was in business at 813 Clay Street; is that correct? A. Yes." (N.T. 13, 14) ". . . Q. Mr. Irvine, although your information, your complaint states that no business existed at 813 Clay Street, you have indicated to this Court and to this jury that you have no way of knowing whether or not at the time these tires were purchased such a business existed at such an address. A. It did not. Q. Mr. Irvine, you do not know of your own knowledge—of your own knowledge, sir—whether or not this business existed at this address at the time the purchases were made. A. I did not." (N.T. 15, 16)

The Commonwealth did not present any competent evidence substantiating its claims that appellant was not the owner of the E. & W. Warehouse Company in October 1967, and that 813 Clay Street was not one of his business premises during the time in question. If 813 Clay Street did not exist as a building or address at the time of the agreement, or if there was such an address but it was in no way connected either with appellant or an E. & W. Warehouse Company, the Commonwealth should have presented competent testimony to that effect. The testimony concerning Irvine's search for appellant and 813 Clay Street does not meet these issues. The broadest inference that could legitimately be drawn from this at best ambiguous testimony is that there was no E. & W. Warehouse Company at 813 or 815 Clay Street *six months after* the allegedly false representation was made. There was no testimony or other evidence indicative of either

---

[2] It is unclear whether this reference is to the building located at 815 Clay Street or to the address at issue—813 Clay Street.

an intent to defraud or a misrepresentation of any *existing* fact.[3] The Commonwealth failed to establish a basis for finding the crime of false pretenses.

The judgment of sentence is vacated.

WRIGHT, P. J., would affirm on the opinion of President Judge KIESTER.

WATKINS, J., dissents.

[3] It is not necessary for us to reach appellant's second contention that even if a misrepresentation was shown as to the business address, the address was a "collateral matter" not constituting a false pretense.