## Commonwealth v. Strauss

738

*Bruce A. Irvine*, Assistant District Attorney, for Commonwealth.

*Frank J. Marcone*, for defendant.

LIPPINCOTT, J., January 6, 1972.—Defendant was convicted of cheating by false pretenses[1] following a trial before a judge without a jury. His motion in arrest of judgment is now before the court en banc for disposition following argument and submission of briefs.

Viewing the evidence in the light most favorable to the Commonwealth,[2] it appears that defendant and an associate entered into a written contract with the prosecutrix and her husband on September 19, 1970, to

---

[1] Act of June 24, 1939, P. L. 872, sec. 836, as amended, 18 PS §4836.

[2] On passing upon a motion in arrest of judgment, the test of the sufficiency of the evidence, direct or circumstantial, is whether, accepting as true all the evidence upon which the jury could properly have based its verdict, such is sufficient in law to prove defendant's guilt beyond a reasonable doubt: Commonwealth v. Kravitz, 400 Pa. 198, 161 A. 2d 861 (1960); Commonwealth v. Crews, 429 Pa. 16, 239 A. 2d 350 (1968). The Commonwealth is entitled to all reasonable inferences arising from the evidence: Commonwealth v. Tabb, 417 Pa. 13, 207 A. 2d 884 (1965): Commonwealth v. Hazlett, 429 Pa. 476, 240 A. 2d 555 (1968).

install a number of new replacement windows in her home. The total price was to be $1,035, including materials and supplies, and prosecutrix was afforded the option of selecting the windows of her choice. At this time, a $50 "deposit" was given to defendant's associate, and the parties agreed that the work was to begin when prosecutrix acquired the balance of the contract price.

Thereafter, on November 10, 1970, the prosecutrix, who had not yet selected the windows she wanted, advanced defendant an additional $500 to pay for the materials and supplies. About a week or two later, defendant brought to her home samples of different windows, all of which prosecutrix rejected. Some 10 days later, she notified defendant that she had found the windows she wanted at a local lumber yard and instructed him to purchase them. At this point, defendant admitted to prosecutrix that he had spent the $500 advance on other matters not connected with her job, and asked her to accept the windows C.O.D., at a cost of approximately $425. She refused, and after numerous attempts to settle the matter amicably, it became evident to prosecutrix that defendant could not, or would not, return the $500 deposit or pay for her windows.

There is no doubt but that defendant has acted in a reprehensible manner. However, to bring this case within the provisions of the criminal statute, ". . .three separate elements must be found to co-exist: (1) a false representation of an *existing fact;* (2) obtaining property or something of value thereby and (3) an intent to defraud": Commonwealth v. Wright, 220 Pa. Superior Ct. 12, 275 A. 2d 873 (1971). Also, Commonwealth v. Silia, 194 Pa. Superior Ct. 291, 166 A. 2d 73 (1961). (Italics supplied.)

Defendant strongly urges that there was no evi-

dence produced at trial to establish that he made a false representation of an existing fact, and, therefore, one of the necessary elements of the crime was missing. We agree. At most, the evidence establishes that defendant secured the $500 advance from prosecutrix upon the *promise* that he would use it for the purchase of materials and supplies at such time in the future as the windows were selected.

The Commonwealth apparently contends that since the contract calls for a particular type of window, which defendant knew at the time could not be obtained for the stated price, he, therefore, misrepresented an existing fact when the down payment of $50 was obtained. Even assuming that defendant was responsible for this,[3] the contract itself is ambiguous, since it calls for aluminum windows at one point, wood windows at another and then states that the "customer will pick the windows." The parol evidence, which was produced by the Commonwealth itself to explain the intention of the parties, clearly shows that both parties agreed that the customer was to select the windows in the *future*.

"A mere promise for future conduct does not suffice to constitute a false pretense even though the promisor never intended to perform": Commonwealth v. Kelinson, 199 Pa. Superior Ct. 135, 184 A. 2d 374 (1962). See also Commonwealth v. Gross, 161 Pa. Superior Ct. 613, 56 A. 2d 303 (1948), and Commonwealth v. Becker, 151 Pa. Superior Ct. 169, 30 A. 2d 195 (1943).

We, therefore, enter the following:

---

[3] The evidence, however, indicates that his associate and not defendant received this $50 payment.

## ORDER

Now, January 6, 1972, it is ordered and decreed that defendant's motion in arrest of judgment be and is hereby granted, and defendant is discharged and the case against him dismissed.