**Commonwealth v. McCartney**

*Joseph J. Nelson, District Attorney,* for Commonwealth.

*Michael J. Wherry, Public Defender,* for defendant.

ACKER, *J.*, December 30, 1975—Defendant has been convicted by a jury of theft by deception as to Dennis Miskovich (no. 33 September term, 1975); Mrs. Ray W. Moseley (no. 34 September term, 1975); Cooper A. Evans (no. 35 September term, 1975); and Richard L. Gregory (no. 36 September term, 1975). Defendant has moved for a new trial and in arrest of judgment as to all convictions using the same grounds as to each, i.e., that the verdict was against the law, against the weight of the evidence and against the charge; that the court erred in overruling defendant's demurrer; and that the court erred in refusing defendant's motion for binding instructions. The basic contention appears to be that there was insufficient evidence to support the submission of the cases to the jury in that the facts do not bring the cases within the definition of the crime.

Theft by deception[1] occurs if a person ". . . inten-

---

1. Act of December 6, 1972, P.L. 1482, sec. 1, 18 C.P.S.A. §3922.

tionally obtains or withholds property of another by deception." He is deemed to deceive intentionally if he:

"(1) [C]reates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

"(2) [P]revents another from acquiring information which would affect his judgment of a transaction; or

"(3) [F]ails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship."

An exception is provided by subsection (b):

"The term 'deceive' does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed."

The Joint State Government Commission Comments concerning this offense indicate that it is derived from section 223.3 of the Model Penal Code and is extended to include property "withheld" as well as property obtained by deception. Although the prior law made it a crime to cheat by false pretenses (18 P.S. §4836), the new section broadened that offense for previously it was limited to false pretenses of existing facts: Com. v. Becker, 151 Pa. Superior Ct. 169, 30 A. 2d 195 (1943).[2]

---

2. Pennsylvania Crimes Code Annotated, Toll, 429 (1974).

Defendant took merely a general exception at the conclusion of the charge, and did not specifically except to the charge as to any of the law given therein.

Therefore, the basic and only question is whether the evidence was sufficient to support a conviction. The first case chronologically is that of Mrs. Madeline Gregory. Mrs. Gregory went to defendant's store in Mercer on March 19, 1975, and ordered carpet which was to be delivered in six to eight weeks. She informed defendant that she would pay cash, but he insisted that he have the cash at the time of the placing of the order in the amount of $450 for he claimed that it was necesary to do so in order to pay for it when ordered. Mrs. Gregory borrowed the money and delivered it to defendant. She called two weeks previous to the time that she desired the carpet to be laid, being May 20. The carpet was never installed despite repeated requests. At one time defendant agreed to return the money but failed to do so.

The second transaction involved Mrs. Ray W. Mosely when on April 28, 1975, she delivered half of the purchase price of the carpeting she had ordered being in the amount of $220. She had first contacted defendant at his store the first or second week of April. It was represented by defendant that it was necessary to have the moneys in order to order the carpeting. The carpeting was needed in three or four weeks from April 28, being the date of the placement of the order. The carpeting was never delivered and the money was not returned.

A third transaction chronologically involved Cooper A. Evans, a resident of the Borough of Mercer and a disabled former businessman. Mr.

Evans was restoring a church and remodeling it into apartments. The contact with defendant was by his wife who unfortunately was not called as a witness. She is the executive secretary of the Chamber of Commerce and the borough secretary of Mercer. Defendant represented that he had an agreement of some sort with a finance company known as Great Eastern, that he, Evans, could pay cash but that they had a 90-day option with no interest if they wished to have the matter go through the finance company. They were purchasing about 1200 square yards and they were to notify defendant when they were ready for the carpeting. About the middle of July, 1975, they did notify defendant that the carpeting was needed. Despite this and many promises and efforts to contact defendant the carpeting was never delivered. There was no evidence of the actual representations made by defendant to the wife of Cooper A. Evans, if any, concerning the reason for needing the moneys prior to the delivery of the carpet.

The last transaction involved Dr. Dennis Miskovich, a chiropractor with offices next door to the sales outlet of defendant. Dr. Miskovich did need some carpeting in the future, but was not at all certain that he wanted to do business with defendant. Whatever business he did the doctor wished to deal in cash and not to put any money down and so informed defendant. Defendant said that he needed money to buy the carpeting. The doctor turned down the initial deal, but defendant returned with an approach that he had a deal which was "the same as cash" for a 90-day period without any interest with Great Eastern, a local finance company. On June 6, 1975, the doctor signed an agree-

ment for the carpeting which was to be placed in the hallway for storage between the doctor's office and defendant's business 10 days thereafter. Defendant acknowledged through his testimony that the carpeting could be obtained from stock, it was not necessary to have the moneys prior thereto and that he was unable eventually to supply the carpet because he simply did not have the moneys any longer. This was a clear case of misrepresentation that the moneys were in fact required for the purpose of the purchase.

None of the victims desired to part with their money when requested by defendant with the possible exception of the Cooper Evans transaction. Because of the failure of the Commonwealth to call the wife who entered into the transaction the facts are unknown. The three remaining victims were led to believe by defendant that it was necessary that they advance the moneys to him so that he could at that time apply them towards the purchase of the carpeting. Therefore, as to all cases with the exception of the Cooper Evans case, the facts fall within the definition of the offense and in particular that defendant created or reinforced a false impression as to an intention by him to apply the money when received on the purchase of the carpeting.

Hence, these orders.

## ORDER

And now, December 30, 1975, the motions for new trial and the motions in arrest of judgment at nos. 33, 34 and 36 September term, 1975, are denied.

## ORDER

And now, December 30, 1975, the motion in arrest of judgment as to no. 35 September term, 1975, in the transaction concerning Cooper A. Evans, is granted. Costs to be paid by the County of Mercer.