Com. of Pa. *v.* Falls and Sykes, Appellants.

Argued July 12, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*John E. McDonough* and with him *R. Paul Lessy* and *Michael S. Reps,* for appellant.

*Louis A. Bloom,* Assistant District Attorney and with him *William J. MacCarter, Jr.,* District Attorney, for appellee.

Opinion by Baldrige, J., October 10, 1932:

The relators, William Falls and D. Harvey Sykes, formerly two constables in Delaware County, petitioned the court for their release, alleging that sentences imposed upon them were illegal and unauthorized by law. Sykes was indicted and found guilty of extortion, bribery, violating the liquor laws, malfeasance, misfeasance and nonfeasance in office, and conspiracy, and was sentenced under each indictment to pay a fine and undergo imprisonment in jail for one

year, except under the indictment charging conspiracy, where the sentence imposed was two years, to run successively, which is in accordance with the law: Halderman's Petition, 276 Pa. 1, 4. Falls was indicted and convicted of the same offenses, except that of violating the liquor laws, and a like sentence imposed under each indictment.

The appellants contend that these cumulative sentences are void; that the crime of malfeasance, etc., in office included the other offenses; and as they have served the time imposed for that offense, they are entitled to their discharge. If unauthorized sentences were imposed, an application for a writ of habeas corpus was the proper procedure: Com. ex rel. Wilhelm v. Morgan, 278 Pa. 395, 123 A. 337.

The sole question for determination is whether or not the sentences imposed were for separate and distinct offenses.

In support of the position that the crimes were merged into the offense of malfeasance, etc., in office, the appellants cite Com. ex rel. Ciampoli v. Heston, 292 Pa. 501, 141 A. 287, where the relator was sentenced for the possession and sale to various persons of narcotic drugs in violation of the Act of July 11, 1917, P. L. 758, sec. 4, (35 PS sec. 854), which provides that "no person shall have in his possession ...... sell ...... or give away, any of said drugs." He was charged in two counts, first, possession of drugs, and, second, sale. For a violation, the act carrys a sentence not exceeding five years. Sentence was imposed for ten years. The court held that, even if a separate sentence for possession and sale was permissible, the facts disclosed that they were successive steps in the same transaction and the one necessarily involved the other and they merged and constituted but a single offense. The same conclusion was reached in Com. v. Basha, 80 Pa. Superior Ct.

320, where the relator was charged with possession and unlawful transportation of intoxicating liquor, which was treated as but one transgression of the law. In Com. v. Bailey et al., 92 Pa. Superior Ct. 581, we held that it was error to impose sentences on Bailey, charging burglary in one indictment and felonious entry under another, as "the offense of entering was merged in the higher offense of breaking and entering; the greater includes the less: Johnston v. Commonwealth, 85 Pa. 54, 65."

This case is not within the spirit or the letter of those decisions, as we are dealing with entirely different facts. The testimony in this case discloses that on one occasion a conspiracy was formed by the appellants to lease a barn for the manufacture of liquor; at a later date the liquor was manufactured; at a different time money was received for protecting the still and permitting it to be operated without their interference. These charges did not grow out of one transaction; they were separate and distinct offenses, occurring at various times, covering a period of about one and a half years, for which the legislature has prescribed different penalties. The maximum sentence for conspiracy is two years; bribery, five years; extortion, one year; malfeasance, etc., one year; manufacturing liquor, etc., three years. A distinction exists, both as to law and time. Furthermore, these offenses are not felonies but misdemeanors, and there is no legal merger where crimes are of an equal grade and based upon different facts. In Com. v. McGowan et al., Parsons Select Equity Cases, Vol. 2, p. 341, the court said: "The rule I take to be this, that as a conspiracy is but a misdemeanor, and when its object is only to commit a misdemeanor, it cannot be merged, even if the object of the conspiracy is accomplished. For where two crimes are of equal grade it is difficult to see how there can be a legal *technical* merger." See also Com. v. Gillespie, 7 S.

& R. 469; 1 Trickett on Pennsylvania Criminal Law, p. 414; Com. v. Corcoran et al., 78 Pa. Superior Ct. 430. It was said in Carter v. McClaughry, 183 U. S. 367, 395, 22 Sup. Ct. Rep. 181: "The offenses charged under this article were not one and the same offense. This is apparent if the test of the identity of offenses, that the same evidence is required to sustain them, be applied. The first charge alleged a 'conspiracy to defraud,' and the second charge alleged 'causing false and fraudulent claims to be made,' which were separate and distinct offenses, one requiring certain evidence which the other did not. The fact that both charges related to and grew out of one transaction made no difference." See also Gavieres v. U. S., 220 U. S. 338. In Albrecht v. U. S., 273 U. S. 1, 11, there were nine counts in the indictment, four charging illegal possession of liquor, four illegal sale, and one maintaining a common nuisance. The contention was that there was a double punishment because the liquor, which the defendants were convicted of having sold, was the same as they were convicted of having possessed. The court held: "There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction." In the recent case of Blockburger v. U. S., 284 U. S. 299, the petitioner was charged with violating the provisions of the Harrison Narcotic Act. The indictment contained five counts and he was convicted on three counts. In upholding the sentence, the court said: "Each of the offenses created requires proof of a different element. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of

an additional fact which the other does not;" citing with approval the following language of the court in Morey v. Com., 108 Mass. 433: "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

True, the indictment for malfeasance in office was based on charges of extortion, bribery and violation of the liquor laws. The essence of that offense is a breach of official duty. If the misconduct happens to consist of the commission of other misdemeanors, there is no merger. An offender cannot escape punishment for the other offenses; they are independent crimes— the same as an agreement to commit a misdemeanor is a conspiracy. But, as we have seen, that offense is exclusive of the acts that follow; the latter is but evidence of the former. So, the other crimes, while evidence of malfeasance in office, are separate and distinct offenses. Each indictment required proof of an additional fact which the others did not.

Judgments affirmed.