Commonwealth *v.* Bushkoff, Appellant.

232

Argued October 8, 1954. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE and ERVIN, JJ. (GUNTHER, J., absent).

*Hanley S. Rubinsohn,* for appellant.

*Samuel Dash,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY RHODES, P. J., January 14, 1955:

This is an appeal by defendant from conviction under an indictment, No. 520, June Sessions, 1952, in

the Court of Quarter Sessions of Philadelphia County, charging defendant with making and delivering a check on a depositary in which the maker did not have sufficient funds. See Act of June 24, 1939, P. L. 872, §854, 18 PS §4854. Defendant waived a jury trial. He was tried before Judge BOK and found guilty. Sentence was suspended and defendant placed on probation for two years on condition that he make restitution in the sum of $3,000.

Appellant now questions the sufficiency of the evidence to sustain the conviction. At the conclusion of the Commonwealth's evidence appellant interposed a demurrer which the trial judge overruled. Appellant then presented testimony on his own behalf. Appellant submitted no motion for new trial or motion in arrest of judgment. Furthermore, in no manner did he question the sufficiency of the evidence in its entirety.[1] However, passing any technical objections, there is no merit in any of appellant's contentions. The evidence clearly supports the finding of the trial judge that appellant was guilty of issuing a worthless check. On December 15, 1951, appellant cashed the $3,000 check in question with Chris Schauer, the private prosecutor, trading as Silver Dollar Check Exchange. The check, dated December 6, 1951, was drawn on the Bankers Trust Company of New York City. It was signed by appellant as secretary of Ell-Mes, Inc., made out to appellant's order, endorsed by appellant and delivered to Silver Dollar Check Exchange. An employe of the drawee bank testified that on December 6, 1951, the date the check was drawn, the maker's balance was $262; that the account was closed out on

---

[1] We may consider on appeal a basic or fundamental error although the question was not raised in the court below. *Com. v. Bird*, 152 Pa. Superior Ct. 648, 651, 33 A. 2d 531.

December 12, 1951; and that the largest balance between December 6 and December 12, 1951, was $140.84. The private prosecutor deposited the check for collection on December 20, 1951, and payment was refused because the account had been closed.

It appeared that the prosecutor had cashed several checks for appellant prior to December 15, 1951. Usually appellant would cash a check on Friday; the prosecutor would hold the check until Monday, when appellant returned the cash and received his check. Appellant told the prosecutor that he needed the money to meet payrolls, and that by the time he arrived in New York City the banks were closed. Prosecutor testified that there was no agreement with appellant for extension of credit or for a loan; and that he accepted the checks for full value, believing they represented bona fide credits. Appellant testified that his only interest in Ell-Mes, Inc., was that of a $12,500 option; and that he countersigned checks of the corporation to make sure the funds of the corporation were not dissipated. In so far as he had any defense, appellant apparently attempted to establish a loan transaction with the prosecutor under an agreement not to deposit the check.

All the elements of the offense were established by the evidence. At no time between December 6th and 15th were there sufficient funds to pay the check. On December 12th the account had been closed. The trier of fact could properly find under the evidence that appellant made and delivered the check, knowing the drawee had not sufficient funds to cover it, with intent to defraud and in violation of the Act of June 24, 1939, P. L. 872, §854, 18 PS §4854.

The indictment charged appellant with uttering the check and committing the offense on December 6, 1951. At the trial prosecutor testified appellant delivered the $3,000 check on December 15, 1951. Accordingly, the

Commonwealth moved to amend the bill of indictment to conform with the proof, and this amendment was allowed by the trial judge. Appellant's counsel entered an objection to the amendment but he did not plead surprise or ask for a continuance. The Act of March 31, 1860, P. L. 427, §13, 19 PS §433, authorizes the trial court to permit amendment to an indictment to conform with the proof. Here the amendment was entirely formal and had no effect on the substance of the offense charged. In allowing the amendment there was no abuse of discretion. See *Com. v. Ballow,* 171 Pa. Superior Ct. 54, 58-60, 90 A. 2d 363. Besides, appellant did not file a motion for new trial or otherwise question the allowance of the amendment.

Appellant complains that the court below had no authority to order him to make restitution, citing *Com. v. Gross,* 161 Pa. Superior Ct. 613, 56 A. 2d 303. The *Gross* case sets forth the proposition that restitution cannot be made a part of the sentence in a criminal case unless authorized by statute.[2] In any event, the *Gross* case does not apply here for the trial judge suspended sentence and placed appellant on probation for two years, probation being conditional upon appellant's making restitution. It is clearly lawful and proper for a court to suspend sentence and place a defendant on probation, an order of restitution being made a condition of probation. "The provision in the 1911 Act as amended [Act of June 19, 1911, P. L. 1055], authorizing the court to impose such terms and conditions to the probation order was not repealed by the 1941 Act [Act of August 6, 1941, P. L. 861, §25, 61 PS §331.25]": *Com. v. Peterson,* 172 Pa. Superior Ct. 341, 345, 94 A. 2d 582, 583.

The conviction and order of probation are affirmed.

---

[2] See Act of May 27, 1949, P. L. 1898, §1, 18 PS §5109.