## Commonwealth ex rel. Dunbar v. Keenan

*Norman Dunbar*, p. p.

*Edward C. Boyle*, District Attorney, and *William Claney Smith*, Assistant District Attorney, for respondent.

ROBERTS, P. J. (Specially Presiding), October 31, 1961. — Petitioner has appealed from our order of March 20, 1961, dismissing his petition for writ of habeas corpus following his conviction in nonjury trial on five indictments, charging him with the crime of cheating by fraudulent pretense. Sentence on one bill of indictment, no. 41, April sessions, 1960, was imposed for a term of one to five years,[1] defendant having been previously convicted and sentenced for similar offenses, and suspended on each of the four remaining bills. We file this opinion in support of our previous order.

It is undisputed that defendant, as maker, drew a check payable to "cash" in the sum of $150 and used it to purchase gasoline for his car, and obtained $145 in cash from the service station operator. The check was duly deposited and returned with the bank notation "no account." Defendant made no attempt to deny or contradict the Commonwealth's evidence. His defense was that he had been drinking heavily prior to and at the time he cashed this and other checks and was not aware of the nature of his act.

---

[1] As part of the sentence, defendant was ordered to make restitution within one year after his release from imprisonment.

The trial was concluded on April 27, 1960, and the court deferred adjudication until the following morning. At that time, defendant was found guilty on all indictments.[2] After adjudication of defendant's guilt and prior to his sentence, the trial judge was advised that defendant was on parole from a sentence for a prior offense. At the court's request, the parole officer appeared and made available information concerning defendant's prior offenses and his record as a parolee.

Petitioner contends that: (1) The transcript of the notes of testimony is not complete; (2) his counsel was not present when his sentence was amended to change the place of commitment; (3) he is not guilty of the offense; (4) the court erred in including an order of restitution. His chief complaint, however, is that the parole officer acted with malice and animosity in his appearance before the court, and that he did not inform the court that petitioner would first have to serve the balance of his maximum sentence from which he was on parole. Petitioner vigorously urges that the effect of the parole officer's appearance, attitude and statements to the trial judge prejudiced defendant before the court.

It should be noted that petitioner's present imprisonment is not under the sentence imposed on April 29, 1960. The commitment is to complete the unexpired maximum term which he would have been compelled to serve, for his prior offense, had he not been paroled. His recommitment as a parole violator is in accordance with statutory and decisional authority: Commonwealth ex rel. Spader v. Myers, 196 Pa. Superior Ct. 23.

---

[2] On April 28, 1960, defendant was sentenced to a State institution and ordered committed to the Western Correctional Diagnostic and Classification Center of Pennsylvania. On April 29, 1960, the sentence was modified, and the place of confinement was changed to Allegheny County Workhouse.

In proceedings such as this, no rule of law has been repeated more frequently by the appellate courts than that "A writ of habeas corpus is not a substitute for an appeal, or for a writ of error, or for a motion for a new trial, or for the correction of trial errors": Commonwealth ex rel. Murray v. Keenan, 184 Pa. Superior Ct. 107, 109. Nothing appears in the record which would justify relaxing this often-repeated rule here.

We have carefully examined the record and have given due consideration to all of the contentions raised by petitioner, and we are of the opinion that they are all without merit and require only brief discussion. Petitioner's contention as to what the official transcript of his trial should and fails to contain is not supported by the facts, and his challenge to its integrity is without legal support. His effort to reconstruct by affidavits what he alleges to be missing from the transcript, and particularly that portion which he asserts occurred after his adjudication of guilt and prior to sentence, even if established, would not entitle petitioner to relief. The record specifically recites that defendant's counsel was present when his sentence was modified.[3]

All of the elements of the offense of cheating by fraudulent pretenses were clearly established by uncontradicted evidence: Commonwealth v. Matthews, 196 Pa. Superior Ct. 60. The verdict of guilty is fully and completely supported by the facts and the applicable legal principles. The evidence, even if viewed in the light most favorable to defendant, fails to absolve him from responsibility for his conduct. He was sufficiently alert, despite his drinking, to successfully plan and carry out his fraudulent scheme of obtaining money from his nondrinking victims. It would

---

[3] The record (page 28): "And now, April 29, 1960, at No. 41 April Sessions, 1960, Defendant appearing with Counsel . . ."

be unrealistic not to conclude that he was entirely aware of the nature of the device he was employing and the consequences of his undertaking.

Utterly without basis also is petitioner's contention that the court, in imposing sentence, was prejudiced by the parole agent. The information which the court requested and secured from the parole officer was, in nature, substantially the same as that which a pre-sentence investigation would have disclosed. Clearly, defendant is not entitled to have such matters withheld from the court. To do so would not serve his own best interest or that of the community. It was ma-terial properly before the sentencing judge, essential and helpful in arriving at a fair, suitable and realistic sentence.

Petitioner's complaint that the court had no author-ity to order him to make restitution is likewise with-out merit: Section 1 of the Act of May 27, 1949, P. L. 1898, 18 PS §5109, confers such authority and pro-vides:

"On all convictions for any crime wherein property has been stolen, converted, or otherwise unlawfully ob-tained, in addition to the punishment prescribed there-for, the defendant may be sentenced to restore such property to the owner thereof and in default of such restitution to pay the value of the same. . . . The court shall have the power in adjudging restitution as aforesaid, to fix and determine the amount to be paid. . . ." See Commonwealth v. Bushkoff, 177 Pa. Superior Ct. 231.

We are satisfied that petitioner had a fair and im-partial trial upon the merits and that the sentence im-posed is just and appropriate, viewed in the light of the significant and available information concerning petitioner, his offense and his prior record in the com-munity. Careful review and consideration of the en-

tire proceeding fails to disclose or suggest any basis for granting a writ of habeas corpus. Justice dictates that the petition be dismissed.