Commonwealth *v.* Rosicci, Appellant.

610

Argued November 15, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*Francis A. Muracca,* for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Harry J. Schmitt, Jr.,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY ERVIN, J., December 12, 1962:

The defendant, Steven Rosicci, was convicted in the court below, after a jury trial, on the charge of cheating by false pretense. The Act of June 24, 1939, P.L. 872, §836, 18 PS §4836, provides as follows: "Whoever by any false pretense . . . obtains from any other person any chattel, money, or valuable security, with intent to cheat and defraud any person of the same, or being an officer, manager, agent, employe of or in any way interested in any person, by false pretense, knowingly and with intent to defraud, procures, obtains, or aids, assists, or abets in obtaining from any other person, any chattels, moneys, or valuable securities . . . is guilty of a felony. . . ." After dismissal of his motion in arrest of judgment and the imposition of sentence, the defendant appealed.

There was no real dispute as to the facts, which may be summarized as follows: On July 29, 1961 the prosecutrix and her husband, who died on November 30, 1961, purchased 135 shares of the outstanding stock of the International Credits, Inc. from the defendant. The defendant was an officer and stockholder of International Credits, Inc. The husband of the prosecutrix had met the defendant on July 24, 1961 by answering a newspaper advertisement calling for people to work in the collection business. During the job interview on July 24 the defendant indicated his willingness to dispose of his interest in International Credits, Inc. On Saturday morning, July 29, 1961, the defendant, the prosecutrix, her husband and a third person drove from Pittsburgh to New Kensington. Prosecutrix testified that the defendant stated "that the business was free and clear, a good thing"; that the business should take in $5,000 a month at least and the expenses should be approximately $200. The defendant also told the prosecutrix that "the business is a good thing," "that there were no debts." He also

said that there were no liabilities against the corporation and "that everything was free and clear," "all that had to be paid was paying the secretary that worked for him." From New Kensington the prosecutrix, her husband, and the defendant and the third person drove to Braddock (which is located in Allegheny County). In Braddock the husband of the prosecutrix delivered to the defendant a check for $2,400.00 drawn upon a Beaver bank (located in Beaver County), and also a note for $300.00 payable in 30 days for the balance of the 15 outstanding shares. The stock certificates were then endorsed and turned over to the prosecutrix and her husband. Shortly thereafter it was discovered that International Credits, Inc. was indebted in the amount of $875.00 for printing, office supplies and other items. It was further shown that the corporation, which was a collection agency, had obligations of approximately $6,000.00 to clients for moneys collected on their behalf and not remitted to them. The $2,400.00 check was not originally honored in the Beaver County bank upon which it was drawn, there being insufficient funds in the bank to meet the check. On July 31, 1961 sufficient funds were deposited in the bank to meet the check and the check cleared on that date.

The first contention of the defendant is that he is subject to prosecution only under §843 of the Act of June 24, 1939, P.L. 872, 18 PS §4843, which section provides as follows: "Whoever, being an officer, director, superintendent, manager, receiver, employe, agent, attorney, broker or member of any bank or other body corporate, or public company, municipal or quasi-municipal corporation, makes, circulates or publishes, or concurs in making, circulating or publishing, any written or printed statement or account, which he knows to be false in any particular, with intent to deceive or defraud any member, shareholder or creditor

of such body corporate or public company, municipal or quasi-municipal corporation, or with intent to induce any person to become a shareholder or partner therein, or to interest or advance any money or property to such body corporate or public company, or to enter into any security for the benefit thereof, is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1,000), or undergo imprisonment, by separate and solitary confinement at labor, not exceeding three (3) years, or both."

Counsel for the appellant relies rather heavily on the case of *Com. v. Litman*, 187 Pa. Superior Ct. 537, 144 A. 2d 592. In that case, at page 543, we stated: "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. Com. v. Falls and Sykes, 107 Pa. Superior Ct. 129, 133, 134, 162 A. 482.

"The alleged criminal act of obtaining money by a false representation is a felony under the general penal code and a misdemeanor when committed in connection with the Medical Act. To obtain a conviction under §836 of The Penal Code the Commonwealth must prove (1) a false representation, (2) reliance upon that representation, and (3) the procuring of a benefit by the defendant with intent to defraud. To obtain a conviction under §17 of the Medical Act the Commonwealth must prove (1) a false representation, (2) reliance upon that representation, and (3) the procuring of a benefit by the defendant with intent to defraud. The same facts must be proved to obtain a conviction under either act."

The facts in the present case are clearly distinguishable from the facts in the *Litman* case and the facts in

the other cases cited by the appellant. A prosecution under §843 can succeed only if the false statement is either written or printed, whereas under §836 the statement may be oral. Proof of an additional fact (that the statement is written or printed) is required under §843. Proof of a different element is required under §843. See *Com. v. Falls and Sykes,* 107 Pa. Superior Ct. 129, 133, 162 A. 482. Furthermore, the misrepresentations made in the present case were made concerning the financial status of the corporation, but they were not made for the purpose of obtaining assets for the corporation but rather to further the sale of stock personally owned by the defendant in his individual capacity rather than in any corporate capacity. An analysis of §843 indicates that it was the intention of the legislature to punish as a separate crime any act by an officer or employe of a corporation in writing or printing something intended to defraud or induce any person to become a shareholder of a corporation or in some other fashion to advance moneys to the corporation. A general reading of this section indicates that the legislature intended that the corporation must benefit. In the present case the corporation received no benefit whatsoever from this transaction. Only the defendant received the benefit. The stock was not purchased directly from the corporation but from an existing stockholder. We are of the opinion that the prosecution in the present case was correctly based upon §836 rather than §843.

Nor are we impressed by the argument that the Commonwealth presented no evidence of book value or market value of the stock. This was immaterial because book value is certainly affected by the debts of the corporation. If there were no debts to offset the assets, the book value would certainly be larger than if there were. Therefore the misrepresentation as to those debts was a material misrepresentation.

Counsel for the appellant also questions the jurisdiction of the Allegheny County Court of Quarter Sessions. He bases his argument upon the fact that while the $2,400.00 check was delivered to the defendant in Allegheny County, when it was received by the bank in Beaver County it could not be immediately paid because of insufficient funds. Cash was then deposited in the Beaver County bank and the check was then processed by the bank. Counsel for the appellant places considerable reliance upon the case of *Com. v. Prep,* 186 Pa. Superior Ct. 442, 142 A. 2d 460. This case can give him no comfort. In that case Prep, who had a contract to supply cinders to the Department of Highways in York County, and one John W. Crerand, who was Superintendent of Highways in York County, formed a criminal conspiracy in York County whereby Prep would provide Crerand with false delivery slips to be sent together with the valid delivery slips to the Department of Highways at Harrisburg for approval and clearance through the State agencies and the issuance of checks to Prep by the Commonwealth in payment therefor. The checks were placed in the mail in Harrisburg addressed to Prep in Schuylkill County. Counsel for Prep argued that the money was received in Schuylkill County and that therefore Dauphin County did not have jurisdiction to try the fraudulent pretense case under §836 of The Penal Code. In that case President Judge RHODES, at page 446, stated: "A prosecution for the crime of cheating by fraudulent pretenses should be brought in the county where the offense is completed, that is, where the chattel, money or valuable security is actually obtained by the defendant. Com. v. Hancock, supra, 177 Pa. Superior Ct. 585, 593, 112 A. 2d 407; Com. v. Tarsnane, 170 Pa. Superior Ct. 265, 267, 85 A. 2d 606. *The court below concluded that the checks were obtained by Prep when they were placed in the mail.*

Prep contends that, although the checks were mailed in Harrisburg, he did not actually receive them until the mail was delivered to him in Frackville." (Emphasis added)

In the *Prep* case the court really held that there was delivery of the checks to the defendant when they were posted in Dauphin County under the theory that the postal authority was an agent for the defendant to accept delivery in his behalf. There can be no doubt that in the present case the check was actually delivered to the defendant in Allegheny County. The mere fact that the check was subsequently cashed in Beaver County does not affect the jurisdiction of Allegheny County. A check is a chattel. In Black's Law Dictionary, 3rd ed., p. 316, a "chattel" is defined as "an article of personal property; any species of property not amounting to a freehold or fee in land." The check was also a "valuable security." The term "valuable security" is subject to a very broad construction and would include a check: 22 Am. Jur., False Pretenses, §36. Even though the check was not cashed as soon as it was presented to the bank in Beaver County, it was a "valuable security" because the bank would not have subsequently paid the money to the defendant without the check. It is our conclusion that Allegheny County had jurisdiction to try this case.

Counsel for the appellant also complains about the restitution feature of the sentence and argues that under *Com. v. Gross*, 161 Pa. Superior Ct. 613, 56 A. 2d 303, we expressly held that restitution could not be made part of a sentence for conviction under §836 of The Penal Code. The opinion in the *Gross* case was filed on January 8, 1948. The legislature on May 27, 1949 amended The Penal Code by adding §1109 thereto (see Act of May 27, 1949, P.L. 1898, §1, 18 PS §5109), which provides: "On all convictions for any

crime wherein property has been stolen, converted, or otherwise unlawfully obtained, in addition to the punishment prescribed therefor, the defendant may be sentenced to restore such property to the owner thereof and in default of such restitution to pay the value of the same or so much thereof as may not be restored. The court shall have the power in adjudging restitution as aforesaid, to fix and determine the amount to be paid in accordance with the evidence presented, but no judgment of restitution shall debar the owner of his right, by appropriate legal action, to recover from the defendant the said property or the true value thereof less such payments as shall have been actually made by the defendant in compliance therewith."

In the present case the check was property and it was unlawfully obtained. Restitution was therefore in order. It is also significant that the legislature passed the 1949 amendment at its next session after our 1948 opinion in the *Gross* case.

In *Com. v. Bushkoff*, 177 Pa. Superior Ct. 231, 235, 110 A. 2d 834, we called attention to the 1949 act and how it affected the *Gross* case.

Judgment of sentence affirmed and the defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it which had not been performed at the time the appeal was made a supersedeas.