## Commonwealth v. Kroll

*John F. O'Neill, Jr.,* for Commonwealth.

*Robert K. Duffy,* for defendant.

SATTERTHWAITE, P. J., December 22, 1970.—
Defendant has been indicted, apparently in alternative counts, for the offenses of larceny and receiving
stolen goods, in that he did either himself steal, or
have in his possession knowing the same to have been
stolen, an automobile inspection sticker alleged to
have been taken from a particular motor vehicle
which was the property of another. He has filed a

motion to quash the indictment, contending that both of these felonies, being general offenses under the Penal Code of 1939, have been superseded by special provisions of The Vehicle Code of 1959, making them summary offenses where the subject matter is an inspection sticker.

Defendant is correct in the premise for his contentions that the law does not permit prosecutions under general provisions of the Penal Code when special provisions of other more particular penal statutes are also applicable and available: Commonwealth v. Brown, 346 Pa. 192 (1943); Commonwealth v. Buzak, 197 Pa. Superior Ct. 514 (1962). As further noted in Buzak, at pages 517-18:

"Where the same act or transaction constitutes a violation of two separate statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not: Com. v. Falls and Sykes, 107 Pa. Superior Ct. 129, 133, 134, 162 A. 482."

In applying these principles to the case at bar, we believe that defendant's position is well taken with respect to the charge of receiving stolen goods, but not with respect to the larceny count.

Section 819(f) of The Vehicle Code, 75 PS §819(f), provides, inter alia, as follows:

". . . It shall be unlawful for any person *to have in his possession* any certificate of inspection and approval *with knowledge* that such certificate has been illegally purchased, *stolen* or counterfeited." (Italics supplied.)

The penalty clause of section 819 provides for the summary conviction of any person violating any provision thereof.

It is apparent that proof in the instant case of the offense charged in the "receiving" count of the indict-

ment would necessarily and inevitably also constitute proof of violation of section 819(f), and vice versa; in both, the essential elements are, first, possession, and secondly, knowledge of the stolen character of the particular subject matter, an inspection sticker. In view of this identity of offenses, the more specific penal provision is applicable to the exclusion of the more general: Commonwealth v. Lewandoski, 110 Pitts. L. J. 503 (1962); Commonwealth v. Taylor, 40 D. & C. 2d 39 (1966).

Different considerations obtain, however, with respect to the larceny count. In this connection, analysis must be made not only of section 819(f) of The Vehicle Code already hereinabove quoted, but also of section 835 thereof, which provides, in relevant part, as follows:

"It shall be unlawful for any person to remove an official certificate of inspection from the vehicle for which it is issued, except for the purpose of replacing it with a currently valid certificate of inspection issued in conformity with the provisions of this act, or to transfer a certificate of inspection from the vehicle for which it was issued to another vehicle, or to take or remove any official certificate of inspection from any official inspection station to which issued for any other purpose than of affixing the same to a vehicle inspected by the official inspection station to which issued in conformity with the provisions of this act, or returning the same to the Department of Revenue: Provided, That a peace officer may summarily remove an unlawfully issued official certificate of inspection from any vehicle."

Summary conviction proceedings are likewise provided for violation of any provision of section 835.

Neither of the summary offenses proscribed by sections 819(f) and 835 is identical in essential elements to the felony of larceny of an inspection sticker. Sec-

tion 819(f) requires no actual taking from the possession of the rightful owner or bailee; section 835 necessitates no animus furandi or mind of a thief; both of these factors, however, are indispensable characteristics of larceny. In other words, while it may well be that proof of larceny of an inspection sticker inevitably also proves violation of either section 819(f) or section 835, the converse is not also true: for example, it would be a violation of section 835 for one to remove an inspection sticker from the car of another, even with the latter's permission, unless for a purpose permitted by the act; yet such an action by no stretch of the imagination could be regarded as larceny.

The relationship between larceny and these summary offenses is somewhat analogous to that between larceny of an automobile and another specific provision of The Vehicle Code, to wit, section 624(5), which makes it a misdemeanor to operate a motor vehicle without the consent of the owner. No one would reasonably contend that the existence of the latter specific offense on the statute books, being completely applicable without proof of felonious intent, would preclude a prosecution for the former if such intent be alleged and proved. So, too, in the instant case, if the Commonwealth wishes to stand on its accusation of the greater offense of larceny with the realization that it must prove all the elements thereof (a question with which we have no present concern), defendant may not be heard to complain that as a matter of law he could not be so charged merely because another and lesser offense existed in the law which involved part, but not all, of the same factors.

We believe that this aspect of the case is governed by the rationale expressed in Commonwealth v. Shafer, 414 Pa. 613 (1964), wherein the Supreme

Court held that a prosecution for embezzlement under the Penal Code by one charged with responsibility for the collection of taxes is not necessarily precluded by the special penal provisions of section 573 of the sales tax act making it a misdemeanor for a vendor to neglect or refuse to collect the tax and pay it over to the Commonwealth. While that decision is distinguishable on its exact facts because of a clause in the tax law (section 601(b)) expressly declaring the legislative policy that the criminal offense therein provided for should be additional to any other presented by general laws, nevertheless, the opinion also took pains to point out further, at page 623:

"That section [§601 (b) of the Sales Tax Act] leaves applicable the provisions of The Penal Code unless such are duplicated by §573 of the Sales Tax Act and there is no duplication of the crime defined in [the embezzlement section] of the Penal Code to be found in §573 of the Sales Tax Act. The essence of §573 is the thwarting of those who would block the administration of the Sales Tax Act; the essence of [the embezzlement section of the Penal Code] is the conversion or misappropriation of such tax. If anyone converts taxes to his own use he is guilty of [embezzlement under the Penal Code]. While such conversion might add to the opprobrium of failure to remit under §573 of the Sales Tax Act, it would not be an essential element of proof of violation of §573 nor would it alter the legal effect of such violation."

We are aware that our decision is contrary to that of the Lancaster County court in two cases filed in 1967: Commonwealth v. Alexander, 60 Lancaster 441, and Commonwealth v. Henderson, 60 Lancaster 487. Both of these opinions relied heavily upon the Allegheny County decision in Lewandoski, supra, but we respectfully disagree, since Lewandoski involved

a charge of receiving stolen inspection stickers knowing they were stolen, and not larceny thereof as in the Alexander, Henderson and instant cases. We believe that a distinction must be drawn between these offenses for the considerations outlined above.

## ORDER

And now, December 22, 1970, for the reasons stated in the foregoing opinion, defendant's motion to quash the indictment is denied and overruled with respect to the first count of larceny, but is granted as to the second count of receiving stolen goods. The latter count is hereby quashed.